## THOMAS J. SHRYOCK *vs.* JOSEPH MORRIS.

*Setting aside Decree—Equity jurisdiction—Equitable interest
—Judgment lien.*

Where more than three years have elapsed since the passage of a
a decree, and rights have vested thereunder, such decree will
not be vacated upon the ground of want of jurisdiction, unless
there was such an absolute want of jurisdiction in the Court as
would render the decree void *ab initio.*

The Court of Chancery being a superior Court of general jurisdic-
tion, nothing shall be intended to be out of its jurisdiction
which is not shown to be so.

Since the Act of 1861, ch. 70 (Code, Art. 26 sec. 19) the equitable
interest or estate of a judgment debtor in a term for years is
not only subject to the lien of the judgment, but is also liable
to seizure and sale under execution at law in like manner as
equitable estates of debtors in freehold are subject to liens, and
liable to be seized and sold by execution at law.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON,
IRVING, BRYAN, FOWLER, and MCSHERRY, J.

*John M. Carter,* and *Henry Stockbridge,* for the ap-
pellant.

*Henry W. Williams,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The appeal in this case is from a decree of the Circuit
Court of Baltimore City, vacating, and setting aside a
previous decree of that Court, made in a former separate

proceeding, upon the ground of the want of jurisdiction in the Court to pass such former decree.

It appears from the record before us, that the late Henry S. Shryock, who died in 1882, left a will, which was duly admitted to probate, whereby he devised and bequeathed a large portion of his estate, consisting of freehold and leasehold estates, and of personal property generally, together with bonds, stocks and other securities, *in trust*, for his children for life, with remainders and cross-remainders over to his grand-children. William H. Shryock was one of the children of the testator; and some time before the death of the latter, he made a deed to R. Fuller Shryock, another one of his sons, of a house and lot in Baltimore city, *in trust*, for his son William H.; the trust being substantially similar to that declared in his will. In both the will and deed power is given the trustees to sell and re-invest, from time to time, any or all of the trust property, and to change the character of the property, as may be deemed judicious by the trustees. And by the deed, the *cestui que trust* for life is authorized to dispose of the trust property by will, to his *lineal* descendants; and in both deed and will, in the event of failure of lawful issue of the *cestui que trust* for life, the property given to him is to revert to the estate of the deceased, Henry S. Shryock, to be disposed of as part of the *residuum* of his estate. The remainder to the child or children of William H. Shryock, under the will, is of the share of the annual income until the death of the last survivor of the children of the testator; at which point of time the *residuum* of the estate is to be divided among all the grand-children of the testator, "then living, together with the lawful issue of any deceased grand-child; the said grand-children taking *per capita* and the issue of any deceased grand-child taking *per stirpes.*" William H. Shryock, still surviving, has but one child, Harry C. Shryock; but there are

many other grand-children of the testator in existence, children of other children of the testator.

In 1885, certain judgments of the Superior Court, and the Court of Common Pleas, of Baltimore city, were recovered against Harry C. Shryock; and his father, William H. Shryock, became the assignee thereof. Upon these judgments the assignee procured writs of *fi. fa.* to issue, and to be levied upon all the right, title, claim and interest of the judgment debtor in and to all the estate devised, bequeathed and conveyed, *in trust,* by his grand-father, as aforesaid; and the executions were returned unsatisfied. Upon this return to the executions, the assignee of the judgments filed a bill in equity in the Circuit Court of Baltimore City, on the 22nd of July, 1887, stating all the facts of the case, making the judgment debtor, and the trustees, parties defendants, and praying that a decree might be passed for the sale of Harry C. Shryock's right, title and interest in all the estate of the late Henry S. Shryock, deceased, for the satisfaction and payment of the judgments held by the plaintiff as assignee; and for general relief. Copies of the judgments, the sheriff's levy and return on the executions, the deed of trust, and of the will of Henry S. Shryock, referred to in the bill, were all made exhibits. To this bill all the defendants answered, admitting the allegations made in the bill, and submitting to such decree as the Court might be authorized to make.

On this bill, exhibits and answers, the Court on the 22nd of August, 1887, passed its decree, whereby it adjudged and determined, "that all the right, title, interest and estate of the defendant, Harry C. Shryock, in and to the property and estate devised and bequeathed to the Safe Deposit and Trust Company of Baltimore, in trust, and granted to R. Fuller Shryock, in trust, by Henry S. Shryock, deceased, by deed, mentioned in the proceedings, be sold;" and the proceeds of sale were

directed to be brought into Court, to be distributed under its direction. A trustee was appointed to make sale, the sale was made and reported, and was finally ratified by the Court, and a deed made to the purchaser by the trustee; and out of the proceeds of sale the judgments held by the plaintiff in that case, as assignee, were satisfied.

In September, 1886, the plaintiff in the present suit recovered judgment at law against Harry C. Shryock, and issued thereon a *fi. fa.* and had the same returned *nulla bona.* Thereupon, on the 31st of January, 1890, he filed the bill in this suit against the judgment debtor, and the assignee of the judgments in the former case, the purchaser at the trustee's sale under the decree in that case, and the trustees under the will and deed of Henry S. Shryock, deceased. In the bill it is alleged that the decree in the former case was passed without jurisdiction in the Court to pass the same; and if the Court had jurisdiction, that the decree was obtained by fraud and collusion. And the relief prayed is, that the decree, and all the proceedings, including the sale and conveyance, had and made in that case, be set aside and vacated, and the property, or rights therein, of the judgment debtor be applied to the satisfaction of the judgment of the plaintiff. The defendants answered the bill, and denied the allegation of the want of jurisdiction in the Court to pass the decree in the former case, and also positively denied the charge of fraud and collusion. There was no proof whatever offered to support the charge of fraud and collusion; but the Court, acting on the alleged want of jurisdiction, as a preliminary ground, on the 3d of February, 1891, passed a decree, whereby it vacated and set aside the decree in the former case, of the 22d of August, 1887, and all the proceedings had thereunder, as having been made and had without jurisdiction in the Court to pass such decree. And upon

vacating the decree, the Court proceeded to decree a sale of all the right, interest, and estate of the judgment debtor, as had been done in the former case.

The questions, therefore, on this appeal, are two; first, whether there was jurisdiction in the Court to pass the decree vacated; and if the case did not fall within the ordinary jurisdiction of the Court, according to established practice and course of procedure; second, whether the decree can be impeached and set aside for that cause, on a separate collateral proceeding? If the first of these questions be resolved in the affirmative, or the second in the negative, it must result in the reversal of the decree from which this appeal is taken.

In the former case no question of jurisdiction was raised. The defendants by answer submitted to such decree as the Court was authorized to pass. The decree in that case was passed and completely executed, more than three years before the decree in this case was passed, vacating the former decree and all proceedings under it. After such length of time, and the vesting of rights under the decree, nothing short of such absolute want of jurisdiction in the Court as would render the decree void *ab initio*, would justify the setting it aside.

It is laid down in books of the highest authority on chancery procedure, that it is a settled rule, that, the Court of chancery being a Superior Court of general jurisdiction, nothing shall be intended to be out of its jurisdiction which is not shown to be so. *Mitf. Eq. Pl.*, 224, *top p.* 262; 2 *Dan. Ch. Pr. & Pl.*, 716; *Earl of Derby vs. Duke of Athol*, 1 *Ves. Sr.*, 204. Exception to the jurisdiction, whether taken by demurrer, plea, answer, or by way of special exception to the sufficiency of the averments of the bill, under our practice, do not dispute the rights of the plaintiff in the subject-matter of the suit, but simply asserts either, (1st) that such subject-matter is not the object of cognizance in a Court of equity; or,

(2) that a Court of equity *is not the proper Court* to take cognizance of such rights. 2 *Dan. Ch. Pl. & Pr.*, 716, and the authorities there cited. And if the objection to the want of jurisdiction be not taken at the proper time, and in the proper manner, the Court will entertain the suit, although the defendant may object at the hearing, unless it be in cases in which no circumstances whatever could give the Court jurisdiction. 2 *Dan. Ch. Pl. & Pr.*, 717, 718. This principle has been, by statute, incorpoated into our chancery practice, in respect to appeals, as will appear by the Code, Art. 5, Sec. 35. And if the facts disclosed show that there is concurrent jurisdiction of some other Court over the subject-matter, with the Court of equity, no exception to the jurisdiction in equity will lie. 1 *Dan. Ch. Pl. & Pr.*, 609, 611.

While it may be quite true, that, as to certain portions of the subject-matter of the former suit and decree, there was no real necessity for resorting to a Court of equity to effect a sale thereof after levy of an execution thereon, yet, it does not follow that there was an entire absence of jurisdiction in a Court of equity in respect to that portion of the property levied on by the sheriff. The nature and extent of the interest of the judgmenr debtor in all the property levied on was of an equitable, contingent character;—the legal estate being in trustees, and the extent of the interest of the judgment debtor being dependent upon subsequent contingent events. From the equitable nature of the interest in the property, a Court of equity would have original jurisdiction thereof.

With respect to the equitable interest of the judgment debtor in the personal property levied on, a sale of that interest under the execution could not have been made, and the only remedy was a resort to a Court of equity. For it is a well settled legal principle, that a debtor's equitable estate in personal property cannot at law be seized and sold under an execution. As was declared by

the Court in *Harris vs. Alcock,* 10 *G. & J.,* 226, 251, "The usual mode by which a creditor pursues such interests of his debtor, and makes them available for the payment of his debt, is to issue a *fi. fa.* and place it in the hands of the sheriff, and cause it to be levied or returned, thus showing that his remedy at law has failed; by which acts of diligence he acquires in the eye of a Court of equity, a priority of right, or preference to the debtor's interest in his property, from the time his execution was placed in the hands of the sheriff; and upon application to a Court of equity, he will be permitted to come in and redeem the prior incumbrance, and have a decree for the sale of the property thus disincumbered, for the payment as well of the amount of the incumbrance, as of the execution debt; or as is a more proper course of proceeding, he will obtain a decree without any clause of redemption, for a sale of the absolute property; first to pay off the incumbrance, and then the creditor's execution." The same principle is re-asserted in the cases of *Rose & Gauss vs. Bevan,* 10 *Md.,* 470; *Myers, et al. vs. Amey, et al.,* 21 *Md.,* 305, *and Martin vs. Jewell, et al.,* 37 *Md.,* 535. And so with respect to the mere equitable interest of the debtor in a term of years of land. It was not until recently that such equitable interest could be seized and taken in execution at law by the sheriff under a *fieri facias,* at the suit of a judgment creditor. The remedy, in order to make such equitable interest of the debtor available for the satisfaction of a judgment at law, was by an application to a Court of equity, as in the case of mere personal chattel. *Lyster vs. Dolland,* 1 *Ves. Jr.,* 431; *Scott vs. Scholey,* 8 *East,* 467, 485. But now, since the Act of 1861, ch. 70, which declares that every judgment rendered by a Court of law in this State shall constitute a lien, from the date thereof, upon *all leasehold interests* and terms for years of the defendant of land, except certain specified short terms for years, *" to the*

*same extent and effect* as liens are created by judgment
upon real estate," (Code, Art. 26, sec. 19,) it would
seem that the equitable interest or estate of a judgment
debtor in a term for years, would not only be subject to
the lien of the judgment, but would also be liable to
seizure and sale under execution at law, in like manner
that equitable estates of debtors in freeholds are subject
to liens and liable to be seized and sold by execution at
law. *Miller vs. Allison,* 8 *Gill & J.,* 36, 38. This, by
analogy, would seem to be the necessary construction of
this provision of the statute, in order to give to the lien
thereby created similar operation and effect as the judg-
ment' lien upon real estate, either legal or equitable.
Code, Art. 83, sec. 1.

But, while it may be true, that the execution of the
creditor in the former case could have been made effective
as against the equitable interest or estate of the debtor
in both the freehold and leasehold estates devised and
conveyed in trust by Henry S. Shryock, deceased, by seiz-
ure and sale, as authorized by statute, yet, there is noth-
ing in the statute law of this State, that divests Courts of
equity of their original and long established jurisdiction
over trusts and trust estates. And it is a well settled prin-
ciple, as declared by the Court of Appeals, in *Barnes vs.
Crain,* 8 *Gill,* 392, 398, that where the authority and juris-
diction of the Court of Chancery is original and established,
it does not result that such jurisdiction is ousted by a
statutory provision that gives to Courts of law power
and jurisdiction over the same subject-matter. This
principle was acted on in the case of *Drury vs. Conner,*
1 *H. & G.,* 220.

In passing a decree in a case like that in which the
decree of the 22d of August, 1887, was passed for the
sale of the debtor's interest in trust property for the
satisfaction of a judgment, it is only the equitable inter-
est of the debtor, whatever that may be, that can be

decreed to be sold. The purchaser simply buys the equitable interest of the debtor, and occupies the position of the latter in respect to the trusts, and the legal estates vested in the trustees. Code, Art. 83, sec. 2; *Smith and Butt vs. McCann*, 24 *How.*, 398, 404. And such we understand to be the purport and effect of the decree of the 22d of August, 1887, passed in the former case.

We shall reverse the decree appealed from; but as that decree was made solely upon the ground of the supposed want of jurisdiction of the Court to pass the decree in the former case, (which was treated as a preliminary question in this case,) and the question of fraud and collusion raised by the bill in this case in obtaining the decree in the former case was not passed on by the Court, but was reserved, we shall direct the cause to be remanded, to the end that that question may be investigated and determined. The fraud alleged must be clearly established by proof, before the propriety of the decree can be called in question. *Mitf. Eq. Pl.*, 113; *Sto. Eq. Pl.*, sec. 426.

*Decree reversed, and*
*cause remanded.*