## GEORGE KEAN vs. EDWIN F. RIZER.

*Municipal Corporations—Qualification of City Councilmen—Jurisdiction of Circuit Court Under the Charter of Cumberland to Declare Office Vacant.*

The charter of the city of Cumberland, as amended by the Act of 1898, ch. 158, provides that every member of the City Council shall be, at the time of his election and for a year prior thereto, the owner in his own right of property assessed for $500, upon which the taxes must not be in arrear. Another section provides that if any member of the council shall fail to retain during the time for which he was elected the qualifications rendering him eligible, he shall forfeit the office, and the forfeiture shall be declared by the council. And if the council shall neglect or refuse to declare such vacancy and fill the same, then any taxpayer may file a petition in the Circuit Court against such officer, and the Court shall have power to declare the office vacant and order the election of a successor. The petition in

Argument of Counsel.

this case, filed by a taxpayer alleged that the defendant was elected a member of the City Council of Cumberland and was sworn in as such; that he was not at the time of his election the owner of property to the amount in value of $500, and has not at any time been legally qualified to fill the office, and that the council has neglected and refused to declare the same vacant. The prayer of the petition was for an order declaring the office of the defendant forfeited and ordering a new election. Upon demurrer, *held*, that the charter authorizes a petition by a taxpayer only in a case where a duly qualified person elected as councilman has failed to retain the necessary qualifications during his term of office, and that since the defendant never possessed the requisite qualifications his election was a nullity, and the Court is not empowered under the statute to declare a forfeiture of the office to which he was never legally entitled.

Appeal from an order of the Circuit Court for Allegany County (Sloan, J.)

The cause was argued before McSherry, C. J., Fowler Briscoe, Page, Boyd, Pearce and Schmucker, JJ.

*Albert A. Doub* and *David J. Lewis*, for the appellant, submitted the cause on their brief.

Section 52 lays down the property qualifications, and section 58 clearly is intended to provide a means of forcing a compliance therewith when the City Council fails to discharge its duty and declare the office vacant when one ineligible is elected.

It is clearly unreasonable to suppose that the Legislature would provide a simple and expeditious means of ousting a man who may temporarily have lost his qualifications during his term and would have been indifferent to one who had always been ineligible.

The qualifications of a city councilman are these: 1, He must be the owner of real estate valued at $500. 2. He must be *bona fide owner in his own right*. 3. The same must be assessed to him on the books of the corporation. 4. This assessment must be both at the time of his election and the year next prior thereto. 5. The taxes on the property must not be in arrears.

The failure of any of these qualifications at any time dis-

qualifies him and a petition charging such failure is a good
petition.    If this be so, surely a petition charging the fail-
ure of each and all of them is a good petition, although in
the proof sufficient evidence to sustain the failure of only
one of these requisites would sustain the petition.    To say
that the Legislature meant anything else is to defeat the
end of the statute, and, by a quibble, to construe it into an
absurdity, when a fair and reasonable construction will ac-
complish all the beneficial purposes of the Act.    The Court
will take judicial notice of the beneficent effects of requir-
ing the governing body of a municipality to be in the hands
of men who have property interests to be cared for, and
will recognize that these are the best hostages to force them
to consider well the welfare of the people.    The most
thrifty and prosperous may by chance lose his qualification
for a moment pending his term, and yet, according to the
appellee's contention, he is to be summarily ousted, while
some common law remedy is to be resorted to when a man
is selected who is and always has been ineligible for the
office.

The intent of the Legislature is to be deduced from a
view of the whole statute and the real intention will always
prevail over the literal sense of terms.    " *Scire leges, non
hoc est verba earum tenere sed vim ac potestatem*, and the
reason and intention of the lawgiver will control the strict
letter of the law when the latter would lead to palpable in-
justice, contradiction and absurdity."    *Kent's Commen-
taries*, vol. 1, p. 462.

The Court looks at the mischief to be remedied in order
to discover the legislative intent, and remedial laws are to
be construed liberally to advance the remedy and obviate
the mischief.    What is not within the letter but within the
intention of lawmakers is within the statute, and what is
within the letter but not within the intention is not within
the statute.    These are principles that govern the Courts of
Maryland in the interpretation of statutes unless the lan-
guage is plain and unambiguous in its import.    *Mayor, etc.,*

*of Baltimore* v. *Root,* 8 Md. 95 ; *Gill* v. *Cacy,* 49 Md. 243 ; *State* v. *Boyd,* 2 G. & J. 365.

The word " retain " here means " to be possessed of," " have " or " continue to have " and it is hard to see what other words could have been used to make the remedy apply to both classes of ineligibles.　If the word " may " can be construed " shall " and " and " " or " and " have " "keep," surely the word retain in this statute means " have " or " possessed of " which are frequently the natural meanings of this term.　　　　　 o

*Robert R. Henderson,* for the appellee.

Sections 52 and 58 of the charter relate to two different subjects.　In the first a disqualification of the candidate *prior* to his election, and in the other a disqualification *arising after election,* in the case of one duly qualified at the time of election.　It seems clear from the words of the law that in case one not possessing the qualifications is voted for and receives a majority of the votes, no special proceeding is provided for preventing his exercise of the powers of the office.　Why?　Simply because no proceeding is necessary.　What is the effect of voting for a disqualified candidate?　His election is *simply void.　Dillon, Municipal Corporations,* sec. 196, 4th ed.　He never is a councilman.　He has no powers.　He doesn't have to be put out because he has never been in.　The ordinary and long-existing remedies are quite sufficient for his case.　There was no need of any special provision.　Let us see what the status of affairs would be.

(1.) Rizer never having been legally elected, his predecessor in the office held over under the general doctrine as to officers holding over. *Dillon, Municipal Corporation,* sec. 220 ; *Robb* v. *Carter,* 65 Md. 321.　(2.) The Mayor (who is the same person as the appellant in this case, as it happens) could have declined to swear in Rizer, and he could not have taken his seat at all.　*Act of 1892,* ch. 56, sec. 53.　(3.) This predecessor was entitled to the writ of *man-*

*damus* against Rizer, when Rizer was sworn in and took his seat. *Kurtz* v. *Townsend*, 83 Md. 331 ; *Poe's Practice*, sec. 710. The remedy by *mandamus* is drastic and peremptory enough and there is no need for any special legislation to put a man out of an office he never held.

But there was need to provide especially for the case of a councilman qualified at the time of his election and afterwards losing or depriving himself of such qualifications, for as to this case no remedy existed. *Dillon*, sec. 250 ; *Ibid*, sec. 195. The need of some such provision is apparent. Without it, a man otherwise disqualified in point of property, acquires or has transferred to him, sufficient property until after the election, and then returns it to the persons from whom he acquired it for that purpose, never having been *bona fide* possessed of it. But the special provision as to such case can *a priori* have no connection with the case of one never qualified, and upon inspection of the law, it appears that its words limit it to the former case as plainly as the English language can do it.

In addition to the whole spirit of the section, there are the following words and phrases which can have no application to one never qualified—" during the whole term for which they are elected, be possessed of all the qualifications rendering them eligible to be elected" (how could the distinction be clearer drawn than it is on this phrase ?) "during the time for which he was elected "—" shall fail to retain " —(How can one retain what he never has had ?)—" He shall forfeit such office " (implying of course his having been once legally and properly elected, for no one can forfeit that which he has never had)—" the Court shall pass an order requiring such officer to show cause why his office should not be vacated " (" his office " and " vacated " both necessarily implying a proper qualification and election) and so on.

BRISCOE, J., delivered the opinion of the Court.

The question in this case involves a construction of certain sections of the city charter of Cumberland, Md. By

the Act of 1898, chapter 158, it is provided that each and every member of the City Council shall be the *bona fide* owner in his own right of property to the amount of five hundred dollars and assessed for the same on the books of the city at the time of his election and for the next year prior thereto, the taxes on which shall not be in arrears. And the Act (now section 58 of the charter) further provides that the Mayor and each member of the City Council shall, during the whole term for which they are elected, be possessed of all the qualifications rendering them eligible to be elected, and if any one of them *during the time for which he was elected shall* fail to retain all the qualifications necessary to render him eligible to election, he shall forfeit such office and such forfeiture shall be declared by the said City Council and the vacancy caused thereby shall be immediately filled as herein provided ; and if the said City Council shall neglect or refuse to declare such vacancy and to fill the same, then any tax-paying citizen of said city, being a legal voter therein, may file a petition in the Circuit Court for Allegany County against such officer, and the said Court, or judge thereof, if in vacation, shall pass an order requiring such officer to show cause why his office should not be vacated and the vacancy filled as provided, and such order shall be made returnable not more than twenty days after its passage and a copy thereof shall be served on such officer, and if he shall fail to answer the same, said Court or the judge thereof, if in vacation, shall hear and determine such matter *ex parte*, and if such officer shall answer the same, then the said Court, or the judge thereof, if in vacation, shall at once hear and determine the issue raised by such petition and answer and shall declare the office of the said respondent vacant, and order the election of his successor, as herein provided, or shall dismiss the petition, as the proof may justify, and may award costs as may appear equitable and right.

On the 25th of October, 1899, the appellant, a tax-paying citizen and a legal voter, in the city of Cumberland, filed a

petition in the Circuit Court for Allegany County, wherein
it is alleged that the appellee, Edwin F. Rizer, was on the
16th day of May, 1898, at a municipal election held in the
city of Cumberland, elected to the office of City Council-
man for the term of two years ; that, subsequently, he was
sworn in, and has acted and continues still to act in that
capacity ; that the appellee is not a *bona fide* owner in his
own right of property to the amount in value of five hun-
dred dollars and was not at the time of his election, nor for
the year next prior thereto, and *does not possess and retain*
the said qualifications that would render him eligible to be
elected and retain the office of City Councilman, and so has
not at any time been duly and legally qualified to occupy
the office and discharge its duties ; that the City Council
has failed to declare the office to be vacant and to fill it as
required by the city Charter. And the prayer of the petition
is for an order requiring the appellee, Rizer, to show cause
why the office should not be vacated and filled as required
by the city Charter.    To this petition a demurrer was filed
on the ground that its allegations were not sufficient to en-
title the petitioner to the relief asked, and the demurrer being
sustained, hence this appeal.

The question then is one solely of remedy and procedure
and that is, whether the facts stated in the petition and ad-
mitted by the demurrer are sufficient to bring this case
within the remedy of the special proceeding provided by the
city Charter of Cumberland for vacating the office of City
Councilman.    And that depends upon the construction to
be placed upon that part of the 58th section of the city
Charter of Cumberland which reads: "The Mayor and each
member of the City Council shall, during the whole term
for which they were elected, be possessed of all the qualifi-
cations rendering them eligible to be elected, and if any one
of them, during the time for which he was elected, shall fail
to retain all the qualifications necessary to render him eligi-
ble to election, he shall forfeit such office," &c. &c.

The statute apparently deals with two classes of disqual-

ification—one in which the disqualification of a candidate oc-
curs prior to an election and the other a disqualification dur-
ing the time or term for which one is elected.    It is well-set-
tled law that the election of a disqualified person is a nullity
—the election is a failure and a new election must be held.
Judge Dillon in his work on *Municipal Corporations*, page 279,
says :    " If the law requires freeholders to be chosen for cer-
tain offices the election of a person not a freeholder is void."

It is quite certain, then, that if the appellee, Edwin F. Rizer,
did not possess at the time of his election, as alleged, the quali-
fications prescribed by the Charter for the office of City Coun-
cilman of Cumberland, he was never legally elected thereto,
and his predecessor would have been entitled to the remedy
by *mandamus* without resorting to any other proceeding.
*Robb* v. *Carter*, 65 Md. 321; *Kurtz* v. *Townsend*, 83 Md. 331.

The special remedy and proceeding, provided by the
58th section of the Charter (Act of 1898, ch. 158), seems to
us to apply to the case of a councilman qualified at the time
of his election, but becoming afterwards disqualified, in
point of property, and it has no reference to the case of a
disqualified candidate at the time of his election. The lan-
guage of the Act is—shall during the whole term for
which they are elected be possessed of all the qualifications
*    *    and if any one of them during the time for which
he was elected shall fail to retain all the qualifications nec-
essary to render him eligible to election    *    *    then any
tax-paying citizen of the city being a legal voter therein
shall have the special remedy provided by the Charter.

We think that the words of the statute limit this special
jurisdiction to the class of cases just stated by us, and the
Legislature meant to provide a remedy where one did not
previously exist.    This case does not fall within the terms
of the statute, as urged by the appellant.    For these
reasons, we think the ruling of the Court on the demurrer
was right and it will be affirmed.

*Judgment affirmed, with costs.*

(Decided January 10th, 1900).