# J. SAMUEL PRICE

*vs.*

OLIVER D. COLLINS, Clerk of the Circuit Court for Worcester County, and JOHN H. TRUITT,

*Title to office : equity no jurisdiction to try—. Mandamus. Supervisors of Election.*

A bill was filed by one alleging himself to be a duly commissioned and qualified supervisor of elections for Worcester County to enjoin the Clerk of the Circuit Court from swearing in John H. Truitt, who had been appointed by the Governor in the place and stead of the petitioner, and to enjoin the said petitioner from taking the oath of office as supervisor, and from signing the official test book, etc. The bill alleged that the term of the petitioner had not expired, and that he had never resigned or been removed, and that notwithstanding such facts the Governor had issued to Truitt a paper purporting to be a commission, etc. *Held*, that a court of equity had no power to prevent the appointee from qualifying.

p. 113

A court of equity has no jurisdiction to try title to an office, or to determine the validity of an appointment made by the Executive Department.                     p. 112

The writ of mandamus is an appropriate proceeding to determine questions of title to office.                     p. 112

*Decided December 6th, 1913.*

Appeal from the Circuit Court for Worcester County. (In Equity.) (PATTISON, C. J., STANFORD and JONES, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*John H. Handy* and *Geo. M. Upshur* (with whom was *John W. Staton* on the brief), for the appellant.

*Robert F. Stanton* (with whom was *Charles O. Melvin* on the brief), for the appellees.

BURKE, J., delivered the opinion of the Court.

The appeal in this case was taken by the plaintiff from an order of the Circuit Court for Worcester County. The case was heard in the lower Court upon a general demurrer to the bill. The demurrer was sustained, an injunction previously issued was dissolved, and the bill dismissed, with costs to the defendant.

The object of the bill was to obtain an injunction restraining Oliver D. Collins, the clerk of the Circuit Court for Worcester County, from swearing in John H. Truitt, who had been appointed by the Governor one of the supervisors of election for Worcester County in the place and stead of the appellant, and to enjoin Truitt from taking the oath of office as such supervisor, and from signing the offical test book.

The facts stated in the bill and admitted by the demurrer are: That the plaintiff is a duly-commissioned and qualified supervisor of elections for Worcester County, and has been exercising the functions of supervisor of elections for that county since the 10th of May, 1910, and is now exercising the

functions and performing the duties of said office; that the Governor of Maryland, notwithstanding the fact that the plaintiff is a duly constituted, commissioned and qualified supervisor of elections, as aforesaid, and that his term of office has not yet expired, nor has he resigned, or been removed therefrom, has issued to John H. Truitt, of Worcester County, a paper purporting to be a commission attempting to appoint him to be a supervisor of elections for that county in the place of the plaintiff, alleging a vacancy; that, as a matter of fact, no vacancy exists, and that the attempted appointment of said Truitt, in the place of the plaintiff, is a nullity and without authority of law; that the alleged commission is now in the hands of Oliver D. Collins, clerk of the Circuit Court for Worcester County, and that said Collins is about to administer to Truitt an oath of office as such supervisor of elections under the alleged authority purporting to be evidenced by such alleged commission, and that if such oath is administered the public service will be greatly obstructed and delayed, and a cloud thrown over the legality of the performance of the public duties of the plaintiff, and over the performance of the duties of the Board of Supervisors of Elections for Worcester County.

The question is, assuming the truth of the facts stated, has a Court of equity in this State jurisdiction to grant the relief prayed? Neither in the brief nor in the oral argument of counsel for appellant in this Court was any case cited in support of this jurisdiction. If John H. Truitt were constitutionally appointed he was not only entitled to take the oath of office before the clerk, but he was entitled to succeed the appellant as supervisor of elections for Worcester County. The Court must, of necessity, pass upon the validity of the appointment before the relief prayed for could be granted, and this necessarily involves an inquiry into the plaintiff's right to the office. Now, it is settled by the practically unanimous current of authority that a Court of equity has no

jurisdiction to try the title to an office, or to determine the validity of an appointment made by the executive department of the government. The plaintiff is in the possession of the office and asserts title thereto, and an equity Court has no power to decide whether his asserted title is good or bad. If it entertained the bill and granted the relief prayed, that conclusion could only be reached by deciding that the appointment was invalid, for the reason that the plaintiff's title to the office was good at the time the appointment was made. That a Court of equity has no power to do. The reason why the Court can not grant the relief prayed for is that the fixed and settled rules of equity jurisprudence forbid it to do so. The questions raised on the record are purely legal—in no sense equitable—and must be determined in a Court of law, which has exclusive jurisdiction to hear and decide them. *Mandamus* is the appropriate proceeding in this State to determine such questions as this record presents. *2nd High on Inj.* (4th Ed.), section 1312, it is said: "No principle of the law of injunctions, and perhaps no doctrine of equity jurisprudence is more definitely fixed or more clearly established than that Courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers or their title to office, such questions being of a purely legal nature, and cognizable only by courts of law. A Court of equity will not permit itself to be made the forum for determining disputed questions of title to public offices, or for the trial of contested elections, but will in all such cases leave the claimant of the office to pursue the statutory remedy, if there be such, or the common law remedy by proceedings in the nature of a *quo warranto.*"

The author cites in the notes numerous cases in support of the text. The law upon the question here involved is strongly and clearly stated—*In re Sawyer,* 124 U. S. 200, where it is said: "The office and jurisdiction of a Court of equity, unless enlarged by express statute, are limited to the protection of rights of property. It has no jurisdiction over

the prosecution, the punishment or the pardon of crimes or misdemeanors, or over the appointment and removal of public officers. To assume such a jurisdiction, or to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offenses, or for the removal of public officers, is to invade the domain of the courts of common law, or, of the executive and administrative departments of the government. * * * The Supreme Court of Pennsylvania has decided that an injunction can not be granted to restrain a municipal officer from exercising an office which he has vacated by accepting another office, or from entering upon an office under an appointment by a town council, alleged to be illegal; but that the only remedy in either case is at law by *quo warranto.*"

There has been no actual interference by John H. Truitt with the possession of the office claimed by the plaintiff. The Court may recognize him as a *de facto* officer, and, under certain circumstances, approve his official acts, and protect his possession. But it has no power to prevent the appointee from qualifying and thus put him in a position where it would be impossible to test at law the title to the office under the appointment made by the Governor. It follows that the order appealed from must be affirmed.

*Order affirmed, with costs.*