GERTRUDE WISSLER *v.* JOSEPH E. ELKINS ᴇᴛ ᴀʟ..

*Description in Deed—Issue as to Boundary Line—Evidence..*

A deed of land described as fronting on a street "twenty-eight feet more or less," covers a frontage on said street of thirty feet.

p. 320'

On an issue as to the location of a boundary line, the husband of defendant's predecessor in title was properly allowed to testify that the property had been in his wife's family for many years, and that it was generally understood in the family that the strip in dispute belonged to the owner of the lot which subsequently passed to plaintiffs.                    pp. 321, 322'

Under Code, art. 5, sec. 41, the question of jurisdiction in a suit in equity cannot be first raised by defendant on appeal.

p. 322'

*Decided December 10th, 1925.*

Appeal from the Circuit Court for Frederick County, In Equity (WORTHINGTON, J.).

Bill by Joseph E. Elkins and Rebecca S. Elkins against Gertrude Wissler. From a decree for plaintiffs, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS,. OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Harry C. Hull* and *Parsons Newman,* for the appellant..

*Alban M. Wood* and *E. Austin James,* for the appellees..

ADKINS, J., delivered the opinion of the Court.

The bill of complaint in this case alleges that plaintiffs are the owners by the entireties of a lot of land on the south side of East Church Street, Frederick, Maryland, fronting

twenty-eight feet more or less on said street and known as
204 East Church Street, which was conveyed to them by
G. S. C. Bopst and wife on November 30th, 1921, and of
which plaintiffs have since been in possession; that the brick
dwelling thereon is constructed eighteen inches, more or less,
east of the western boundary line of said lot; that the
defendant is now engaged in the construction of a garage on
the property adjoining plaintiffs' lot, and that the founda-
tion of said garage already excavated, or partly so, extends
over and beyond the boundary line of plaintiffs' premises
for a distance of about eighteen inches, more or less; that
the construction of said garage on part of plaintiffs' prop-
erty would be an irreparable injury to said property and
equivalent to an assertion of title by the defendant to the
land owned by plaintiffs in fee simple.

The prayer of the bill is for an injunction restraining
defendant and her agents and employees from encroaching
on plaintiffs' property and from building any part of said
garage thereon, and from committing any waste or trespass
thereon; and for further relief. In her answer defendant
denies that she is building her garage or encroaching in any
way upon the property of plaintiffs, and avers that she is
building said garage on her own land.

In the course of the taking of testimony before the chan-
cellor, it developed that the foundation of defendant's pro-
posed garage extended up against plaintiffs' building and
uncovered part of the foundation of plaintiffs' house on the
west side, defendant's property adjoining plaintiffs' on the
west; that plaintiffs' foundation on the west side extends
about a foot or fifteen inches beyond the wall of the house,
said extension being uncovered when defendant's flower beds
were dug up to pour cement in; that the fence dividing the
rear ends of the two lots runs two feet west of plaintiffs'
west wall, and this fence had been there as long as any wit-
ness remembered—much longer than twenty years.

The testimony of the county surveyor and city engineer,

Crum, demonstrates, we think, that plaintiffs have the record title to thirty feet front, which would of course be covered by the expression in the deed, "twenty-eight feet more or less." He traced back the titles to the lots, owned respectively by plaintiffs and defendant, to the original lots of Frederick Town laid out in 1783, confiscated British property, laid out on a plat in the city register's office. He testified that plaintiffs' lot was a part of lot number 272 on the said original plat, and defendant's a part of number 271, the northeast corner; that each of lots Nos. 271 and 272 was sixty-two feet wide; that he took the deed from Bopst to plaintiffs and working the chain back to where Bopst bought it from Dorsey and Dorsey from Wertheimer, and Wertheimer from Reich, as attorney in fact; that in the last mentioned conveyance, dated August 31st, 1907, the lot is described as having a front of twenty-eight feet, more or less, but the deed further states that the lot conveyed is the unsold portion of the lot which was conveyed to Marshall Fout by David B. Devitt; that witness looked up what portion had been sold and found it was thirty-two feet, conveyed by Marshall Fout to Maggie Mantz in 1895, which left remaining thirty feet of lot Number 272; that not being sure where the thirty-two foot lot sold to Maggie Mantz started with regard to the corner of Number 272, but finding that it began at the northwest corner of the Hergesheimer property, witness traced up the latter property and found that he owned lot 273, "so this Maggie Mantz property began at the northwest corner of 273 and ran westward a distance of thirty-two feet. That was the sold portion, and Elkins got the unsold portion, which left 30 feet. I started on the other side with the Wissler deed. Miss Gertrude Wissler bought from the James A. Brown estate in 1920 * * * all that parcel of ground located on East Church Street containing thirty-four feet, more or less, and running back one hundred and thirty-nine feet, and it is a part of 271"; that the lot in Miss Wissler's deed begins "at the northwest corner of the three-story brick dwelling house on said lot and

running thence with the south side of East Church Street,
eastwardly 34 feet, more or less, thence in a southerly direc-
tion the entire length of said lot hereby conveyed in a
straight line the distance of one hundred and thirty-nine feet,
more or less, to the northern boundary line of the new Solt
garage property"; that the house now occupied by Miss Wiss-
ler was there in 1920, when she got the property; that in
the deed of this lot from Laura V. Getzendanner to Mary
Brown (the said deed is later offered in evidence) it is shown
that the above-mentioned point of beginning is twenty-eight
feet from the western line of lot 271 (the western boundary
of said lot being Chappel Alley); that witness measured from
the corner of said alley to the western corner of Miss Wiss-
ler's house on Church Street and found the distance was
twenty-eight feet; that witness then measured the distance
thirty-four feet from the northwest corner of the Wissler
property and it brought him to the dividing line between lots
271 and 272; that the fence now standing on the rear of
plaintiffs' lot, if extended in a straight line towards Church
Street, would coincide with the line, as laid down in the plat
of the lots in Frederick Town, between lots 271 and 272.
But defendant endeavored to prove that the strip of land in
dispute had been used by her and her predecessors in title
adversely for more than twenty years; that her front fence
ran to the west wall of plaintiffs' home and there was a
front gate opening on a cement walk in her yard; that she
and her predecessors had flower beds on the strip now in
dispute. This we think she has failed to do. Her imme-
diate predecessor and grantor, James A. Brown, testified
that he and his wife were in possession of the property No.
202 East Church Street from 1888 until it was sold to
defendant in 1920; that the property belonged to his wife,
who was a Miss Getzendanner, and had been in her family
for many years; that the Getzendanner family told him, and
it was generally understood in the family, that they regarded
the strip now in dispute, about two feet, as belonging to Miss
Tillie Fout, who was the owner of 204. This testimony of

Brown was objected to and was admitted subject to excep-
tion. There was no motion to strike it out. Besides it was
admissible under the authority of *Cadwalader v. Price,* 111
Md. 310. Witness further testified that his wife never
claimed it; that while they were in possession of No. 202
they planted some creeping vines along the west wall of
204, but they asked and obtained permission from the owner
of 204.

Now, we have seen that the strip in controversy was a part
of lot No. 272; the lot conveyed to defendant was described
as part of 271, and therefore clearly not intended to include
the said strip, which the grantors had never claimed.

The question of jurisdiction was raised here by appellant
in oral argument. But we are precluded from considering
that objection, as it does not appear from the record to have
been raised below. Code, art. 5, sec. 41, and cases cited in
note to that section; *Miller's Eq. Proc.,* sec. 340, and note 7.

In citing this statute we are not unmindful of the qualifi-
cation to its application suggested in *Shryock v. Morris,* 75
Md. 77.

*Decree affirmed, with costs to appellees.*