B. L. TALLEY ET AL. *v.* CHARLES C. DADDS ET AL.
[No. 41, October Term, 1931.]

*Decided January 14th, 1932.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Parke, and Sloan, JJ.

*Benjamin Chambers* and *Benjamin H. McKindless,* with whom was *Daniel B. Chambers* on the brief, for the appellants.

*Edward L. Ward,* for the appellees.

Sloan, J., delivered the opinion of the Court.

This appeal comes here from a decree overruling a demurrer to the appellees' bill. The bill was filed by several policyholders of the Home Friendly Insurance Company (of Baltimore), a Maryland corporation, claiming to have been regularly elected directors of the company, at the annual meeting of its policyholders held May 4th, 1931, and seeking an injunction to restrain a rival board of directors, who were their own successors, from exercising any of the duties of directors of the corporation, on the charge that the latter were holding their offices by virtue of an illegal and void election.

The bill alleges that the annual meeting of policyholders was duly advertised to be held at the principal office of the company at 10 o'clock on the morning of May 4th, 1931; that the appellees were on hand a few minutes before the hour advertised; that at 9.53 o'clock the door of the room in which the election was to be held was opened, and, when the appellees were admitted, they were advised that the annual meeting was over, and that the appellants had been elected to serve as directors for another year. Nothing daunted, the appellees then and there, as the hour of ten arrived, proceeded to hold an election, and they, as a result of the ballot taken, were, as alleged, duly elected. Demand was then made by the appellees for the books, records, etc., of the insurance company, and, because of their refusal of the appellees' demands and the continuance in office of the appellants, the bill was filed.

The bill alleged that the appellees, Charles C. Dadds, John W. Rector, Louis Rokel, Charles T. Johnson, and Victor W.

Morawski, have been for several years district agents of the insurance company and that they have been given notice of their dismissal by the board of directors so alleged to have been illegally elected.

The bill then prays:

"(a) That the action of the defendants in holding such annual meeting of policyholders in the manner herein alleged on Monday, May 4th, 1931, and that the election of the defendants as directors at said alleged annual meeting on May 4th, 1931, may be declared illegal and void.

"(b) That the annual meeting of policyholders held by your orators on May 4th, 1931, and the election of the directors at said meeting as hereinbefore recited may be declared legal and valid.

"(c) That the Board of Directors elected at said meeting held by your orators on May 4th, 1931, may be declared to be entitled to the books, papers, business, property and assets of the Home Friendly Insurance Company; and that the defendants may be ordered and directed to turn over said books, papers, business, property and assets of said corporation to said Board of Directors so elected.

"(d) That the defendants and each of them may be enjoined and restrained from in any manner dismissing your orators, Charles C. Dadds, John W. Rector, Louis Rokel, Charles T. Johnson and Victor W. Morawski, from their offices as district agents and from interfering with them in the discharge of their duties as such agents, until the rights of your orators are herein determined.

"(e) And that your orators may have such other and further relief as their case may require and as may appear to be necessary and appropriate."

The bill was amended by striking out prayers (b) and (c), leaving (a), (d), and (e). An order for the writ of injunction was passed. The appellants demurred to each and every allegation of the bill, and to each prayer for relief, giving fifteen reasons why the bill should not be entertained, but, as they all raise the question of the jurisdiction of a court of equity to grant relief for the wrongs alleged, and as that is

the only question involved and argued on this appeal, it is not necessary to set out in detail the grounds of demurrer.

Counsel on both sides rely on decisions of this court to support their respective contentions; the appellants, that such a contest is only cognizable by a court of law; the appellees, that equity has jurisdiction to oust directors illegally elected or wrongfully holding office.

In the case of *Shryock v. Morris,* 75 Md. 72, 76, 23 A. 68, 70, it is said: "Exception to the jurisdiction, whether taken by demurrer, plea, answer, or by way of special exception to the sufficiency of the averments of the bill, under our practice, does not dispute the rights of the plaintiff in the subject-matter of the suit, but simply asserts either (1) that such subject-matter is not the object of cognizance in a court of equity; or (2) that a court of equity is not the proper court to take cognizance of such rights. * * * And if the objection to the want of jurisdiction be not taken at the proper time, and in the proper manner, the court will entertain the suit, although the defendant may object at the hearing, unless it be in cases in which no circumstances whatever could give the court jurisdiction. * * * This principle has been by statute incorporated into our chancery practice, in respect to appeals, as will appear by the Code, art. 5, sec. 35 (now sec. 41). And if the facts disclosed show that there is concurrent jurisdiction of some other court over the subject-matter with the court of equity, no exception to the jurisdiction in equity will lie."

In the case of *Supreme Lodge, Order of Golden Chain, v. Simering,* 88 Md. 276, 40 A. 723, 725, approved in *Smith v. Merriott,* 130 Md. 447, 452, 100 A. 731, this court, in an opinion by Judge Boyd, said: "Whilst it is undoubtedly true that a court of equity has power to enjoin, or otherwise decree against, officers of a private corporation, guilty of fraud, misconduct, mismanagement, or some act that is *ultra vires,* or that would seriously affect the rights of the stockholders or members, we have, after a very diligent search, failed to find any authority that will justify it in not only passing on the validity *vel non* of an election of officers, but

in removing them, without some special or statutory authority," and cites 1 *Thompson on Corporations*, sec. 754; 17 *Enc. of Law*, 52; and *High on Injunctions* (1st Ed.), sec. 774, to the same effect.

In *High on Injunctions* (4th Ed.), sec. 1235, the rule as there stated is "that courts of equity do not entertain jurisdiction over corporate elections for the purposes of determining questions pertaining to the right or title to corporate affairs, since such questions are properly cognizable only in courts of law, the appropriate remedy being by proceedings at law in the nature of a *quo warranto*." In Maryland, *mandamus*. See *Hummelshine v. Hirsch*, 114 Md. 39, 50, 79 A. 38; *West v. Musgrave*, 154 Md. 40, 139 A. 551. The reason for the rule is that the remedy at law is usually adequate. 14 *A. C. J.* 63, sec. 1818. See also *Machen on Corporations*, sec. 1508.

The chancellor decided the instant case on the authority of *First Mortgage Bond Homestead Assn. v. Baker*, 157 Md. 309, 145 A. 876, in which there was a bill in equity for the purpose of determining the validity of the election of a board of directors, which depended upon an issue of certain shares of stock in a building association to Baker. The jurisdiction of the court of equity was not challenged, and the question could not, therefore, under Code, art. 5, sec. 41, be raised in this court. *Wissler v. Elkins*, 149 Md. 318, 131 A. 444; *Miller's Equity Procedure*, sec. 340. This court, therefore, in that case, had no choice but to accept jurisdiction, and decide the case on its merits. Because the question of jurisdiction was not raised by the defendant, as in the instant case, the decision in the *Baker* case did not have the effect of either reversing or affirming the *Simering* case, to which this court still adheres.

The appellee, in our opinion, has not, by the amendment to his prayers for relief, changed the situation so as to avoid the question of jurisdiction. The bill by the first prayer (a) asks the chancellor to declare the election of the appellants illegal and void. That is what the decision in *Supreme Lodge v. Simering, supra*, says cannot be done by a court of

equity, when the jurisdiction of that court is challenged. The fate of the five district agents who have been notified of their dismissal apparently depends on the outcome of the election of directors, which must be decided in a court of law under appropriate proceedings. As this court is of the opinion that the appellees have an adequate remedy at law, and none in equity, when that jurisdiction is questioned, the decree of the chancellor must be reversed, and the bill dismissed.

*Decree reversed, with costs.*