FRANCIS KING CAREY et al. *v.* HOWARD W. JACKSON, Mayor, et al.

[No. 37, October Term, 1933.]

*Decided January 9th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*Walter H. Buck* and *D. Heyward Hamilton, Jr.,* for the appellants.

*R. E. Lee Marshall, City Solicitor,* with whom was *J. Francis Ireton* on the brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

The plaintiffs (appellants), Francis King Carey and Victorine K. Robertson, as citizens and taxpayers of the City of Baltimore, for themselves and any others who might join in the suit, filed their bill of complaint against Howard W. Jackson, Mayor of Baltimore, Walter L. Clark, Ralph F. Proctor, and William H. Lawrence, members of the City Service Commission of Baltimore, and R. Walter Graham, City Comptroller, wherein they charged the invalidity of so

much of an ordinance of the Mayor and City Council as the Mayor assumed authorized him to appoint two persons not on the classified or civil service list, whose offices or employments were below the grade of the head of the "Bureau of Control and Accounts," created by the ordinance. The defendants demurred to the bill as a whole, and, from a decree sustaining the demurrer without leave to the plaintiffs to amend their bill, this appeal is prayed.

By section 6, subsection 15-B, of article 4, Public Local Laws of Maryland (Baltimore City Charter, Acts of 1924, ch. 418), the Mayor and City Council of Baltimore is authorized to "provide by ordinance for the reorganization of the several municipal offices, boards and commissions, embraced in section 31 [which comprises all of the administrative branches of the city government] or in any other section or sections of this article or in any ordinance, and in order to co-ordinate the same to organize, reorganize and abolish any office, board or commission and/or consolidate the same with any other office, board or commission and provide for the several duties, powers and functions thereof and/or the transfer thereof in whole or in part to or with any other office, board or commission," in pursuance of which the Mayor and City Council passed an ordinance creating the bureau of control and accounts, the head of which was to be known as the chief accountant. By section 4 of the ordinance it was provided that "the Mayor of Baltimore shall organize the Bureau of Control and Accounts by appointing properly qualified persons as Chief Accountant, Assistant Chief Accountant, Cost Accountant, General Bookkeeper, and such other assistants and help as may be advisable. Immediately after the Bureau has been organized, all positions in the Bureau then existing or which may thereafter be created in the Bureau shall be and become part of the classified service of the City of Baltimore and shall be subject to the laws, rules, and regulations governing that service. All future appointments to the Bureau to fill vacancies caused by death, resignation, dismissal, retirement, or by any other reason, shall be made by the City Comptroller from eligible

lists established by the City Service Commission. In making the first appointments, the Mayor is authorized to transfer to the Bureau of Control and Accounts any person already employed by the City of Baltimore and performing similar services to those established in said Bureau."

Upon the passage of the ordinance, the Mayor appointed William A. Jackson general bookkeeper, and William J. Edelen junior accountant, neither of whom had been in the list classified by the City Service Commission in accordance with the civil service provisions of the Charter, sections 203A-203Q. There is no contention that the Mayor and City Council did not have the power under the Charter to pass the ordinance creating the Bureau of Control and Accounts, but it is contended that the employees below the head of the Bureau, designated as chief accountant, should be taken from the civil service, or classified list, certified by the City Service Commission (*Strott v. Broening,* 160 Md. 560, 154 A. 45), and that the part of section 4 of the ordinance which authorizes the Mayor to make the initial appointments outside the classified list is a violation of the city service section of the Charter, and the provision that all appointments affecting the organization of the Bureau is an evasion of the mandatory provisions of the Charter with respect to the eligibility qualifications of all employees of the character provided for in the ordinance below the grade of the chief accountant, and that not only are the appointments of William A. Jackson and William J. Edelen void, but that so much of section 4 of the ordinance as permitted their appointments to be made is invalid and that the remedy is by injunction. The defendants' contention is that the only question involved is the right of Messrs. Jackson and Edelen to their respective offices and that the only remedy in this state to test that right is at law by mandamus.

If the only question involved were the validity of the ordinance authorizing the appointments of the general bookkeeper and of the junior accountant, and the unauthorized payment of salaries to ineligible appointees, the question might be cognizable in equity, though we do not find it necessary or

advisable to decide that question here. Where there are two questions involved, one, the illegal or unauthorized payment of salary to one not entitled, the other, the title of an appointee to the office, the question of the jurisdiction to be invoked, or the remedy applied, will depend upon the primary purpose of the suit. 32 *C. J.* 66, sec. 47; 44 *C. J.* 1409, sec. 4583. The main attack on the ordinance is against the authority given the Mayor, in organizing the Bureau of Control and Accounts, to make appointments below the grade of chief of the bureau outside a qualified, classified, list to be furnished by the City Service Commission. It is not necessary to enter into any details regarding the powers of the City Service Commission nor of the classification of eligibles. That all appears clearly from sections 203A to 203Q of the City Charter, article 4 of the Code of Public Local Laws, and from the opinion of Judge Parke in *Strott v. Broening,* 160 Md. 560, 154 A. 45. The purpose of the ordinance was the establishment and organization of the Bureau of Control and Accounts. There is no question, nor could there be, of the power to pass such an ordinance under the Act of 1924, chapter 418, which is section 6, subsection 15-B, of article 4, Code of Public Local Laws. Its general purpose and provisions being proper, the only question before us is the legality of the appointments of the general bookkeeper and junior accountant, and whether this is a proceeding in which their status can be determined.

According to the terms of section 4 of the ordinance, "immediately after the Bureau has been organized, all positions in the Bureau then existing, or which may thereafter be created * * * shall be and become part of the classified service of the City of Baltimore * * * (and) all future appointments * * * shall be made by the City Comptroller from eligible lists established by the City Service Commission." It appears from the bill that the bureau was organized, and it is not disputed that the offices and positions created were lawful. The only objection made is to the appointments of Messrs. Jackson and Edelen to two of the positions created by the ordinance. If those positions were

made vacant, the vacancies would be filled by appointment by the City Comptroller (and not by the Mayor) from the city's classified list. So far as new appointees are concerned, the Mayor has nothing to say or do. The future working of the ordinance meets every objection made to it by the plaintiffs. Their only ground of complaint is that two of the positions are filled by appointees who they contend are not and were not legally qualified for appointment. The case then resolves itself into their title to the two offices to which they were respectively appointed and still occupy. The only question left is as to the tribunal in which the attack on the title to office is made. If the incumbents are entitled to hold their offices, then the question of their salaries is settled, and, if they have no title, there will be two vacancies to be filled by the City Comptroller, and the city service law will thus be gratified.

It has been so firmly settled in this state that the proper and only court in which to try title to office is at law by mandamus, that there is no need to here rehearse or review the decisions. It is also settled that the contest need not be between contestants for the same office, but the title of an officeholder may be attacked by a taxpayer. *County Commissioners v. School Commissioners of Washington County,* 77 Md. 283, 26 A. 115; *Kean v. Rizer,* 90 Md. 507, 45 A. 468; *Hummelshime v. Hirsch,* 114 Md. 39, 79 A. 38; *West v. Musgrave,* 154 Md. 40, 139 A. 551. And the same principle was applied with respect to private corporations in *Talley v. Dadds,* 161 Md. 558, 157 A. 775. As said by this court in *Price v. Collins,* 122 Md. 109, 112, 89 A. 383, 384: "The reason why the court cannot grant the relief prayed for is that the fixed and settled rules of equity jurisprudence forbid it to do so. The questions raised on the record are purely legal—in no sense equitable—and must be determined in a court of law which has exclusive jurisdiction to hear and decide them. Mandamus is the appropriate proceeding in this state to determine such questions as this record presents." 2 *High on Injunctions* (4th Ed.), sec. 1312; *Beach, Modern Equity Jurisprudence,* sec. 670.

William A. Jackson and William J. Edelen are not parties to this proceeding, which is another reason why the bill cannot be sustained. The title of one holding or elected to office can only be determined in a proceeding to which he is a party. *Miller, Equity Procedure* 179; 46 *C. J.* 1006; *Havre de Grace v. Fahey,* 108 Md. 533, 70 A. 218.

For the reasons given, the bill should have been, as it was, dismissed.

*Decree affirmed, with costs.*