THE STATE ex rel D. V. RHODES v. J. W. HAMPTON.

*County Treasurer—Sheriff—Election— Office— Vacancy— Vested Right—County Commissioners.*

1. The power conferred upon the Board of Justices of the Peace by §768 *The Code*, in respect to the abolition and restoration of the office of County Treasurer, may be exercised at any time and whenever, in the discretion of the Board, it may be thought desirable.

2. If there is no person to fill the office at the time of its restoration, there is a vacancy which may be filled, until next regular election, by the Board of County Commissioners.

3. When the office is abolished the duties thereof devolve upon the Sheriff of the county, who, however, has no such vested interest therein that may not be taken away by a restoration of the office and an appointment of another person to fill it.

4. The election of a person to an office which does not exist, or in which there is no vacancy, is a nullity.

This is a CIVIL ACTION, which was tried before *Boykin, J.,* at Spring Term, 1888, of POLK Superior Court.

The object of this action, begun on March 21st, 1887, is to compel the defendant, Sheriff of Polk County, to surrender to the plaintiff the books, papers, moneys and other effects in his hands belonging to the Treasurer's office, and was tried upon the following agreed facts:

That J. W. Hampton is Sheriff of Polk County, North Carolina, and that since 1876 up to November, 1886, the said county had no office of Treasurer, having abolished the same in 1876, and that the Sheriff of the county had regularly performed the duties of Treasurer; that in 1886 the Board of Commissioners of said county and the Justices thereof, in regular meeting, had made the records (copies of which are set out below), as of the date appearing thereon.

That at the regular election, on the first Tuesday in November, the said J. W. Hampton was elected Sheriff, and one A. B. Thompson was elected by the people to fill the office of Treasurer of said county.

That the defendant J. W. Hampton, Sheriff of said county, is now performing the duties of Treasurer, and receiving the emoluments of the office, and refuses to surrender the same.

By order of the board the Clerk of said board was instructed to notify the Justices of the Peace to meet on the first Monday in December, 1886, for the purpose of voting for or against restoring the Treasurer's office, as the vote that was taken to-day, allowing each and every Justice of the Peace to sign his name to an instrument of writing, instead of voting by ballot for or against restoring the office of County Treasurer, was thought to be illegal.

November 15th, 1886.

By order of the board, and after consultation with a few citizens present, and the newly elected county officers, it was, on motion, agreed to adjourn from day to day on account of bad weather, it being so bad that it was seemingly impossi-

ble for the bondsmen of the various county officers and other officers notified to attend, and the board agreed on Monday for receiving bonds. And also a few Justices of the Peace met, and, without organizing, adjourned, and Clerk instructed to notify the Justices of the Peace to meet on Monday, the 13th inst., for the purpose of voting for or against restoring the County Treasurer's office.

December 6th, 1886.

The Board of County Justices of the Peace met, and in convention assembled did, by their votes, restore the county treasurer's office, and the newly elected Treasurer was notified to file a justified bond by the first Monday in January, 1887.

The vote for restoring_____ 15

· The vote against restoring_____ 0

December 13th, 1886.

By the failure of A. B. Thompson, the duly elected Treasurer, to give bond, the office was declared vacant, and D. V. Rhodes appointed to fill unexpired term. D. V. Rhodes present. His bond as Treasurer, approved by Board of Commissioners, found to be correct, and approved and ordered to be recorded.

January 3d, 1887.

That on December 13th, 1886, defendant having been elected Sheriff of said county, filed his bond, and was qualified as such.

Now, if the Court shall be of the opinion, on the foregoing facts, that the plaintiff is entitled to recover, judgment shall be entered for the plaintiff; otherwise, judgment shall be entered for the defendant.

The Court being of opinion that the plaintiff was entitled to recover, so adjudged, and the defendant appealed.

*Mr. J. B. Batchelor*, for the plaintiff.
*Mr. W. P. Bynum*, for the defendant.

SMITH, C. J. (after stating the case.)   By virtue of the
authority conferred in an amendment to the Constitution in
1875—Art. VII, Sec. 14—the General Assembly, by the Act
of February 27th, 1877, modified the first section of that article
by omitting therefrom the words " and five commissioners,"
and annexing thereto as follows:  " Provided, however, that
a majority of the Justices may abolish the office of Treasurer,
and thereupon the duties and liabilities now attached to the
office shall devolve upon the Sheriff."   Acts 1876–77, ch.
141, sec. 2.

Some doubts being entertained as to the power of the
Justices to establish the office after it had been abolished, a
further amendment was made in these words: " That in all
cases where the Board of Justices of the Peace of any county
has abolished the office of County Treasurer, the said board
shall have like power to re-establish the same, if, in the
judgment of the board, the public interests so require." Acts
1881, ch. 362, sec. 1.

Substantially, these provisions are embodied in section 768
of *The Code.*

As there is no restriction put upon the Justices as to the
time when they may exercise the conferred power of abol-
ishing the office and devolving its duties upon the Sheriff,
so none is imposed upon them in restoring it, so that it may
be again filled according to law.   As the legislation is trans-
ferred to *The Code,* even the restraint that the restoration
may be made when, in the judgment of the Justices, the
public interest may require, is removed, and the discretion
reposed in the board in taking such action is absolute and
unqualified.

It is therefore plain that the action of the Justices, for
whatever cause taken, was opportune and effectual—oppor-
tune, in that it took place at the end of the Sheriff's term of
office and the entering upon a new term, when the transfer
of the duties from the one office to the other would least dis-

turb the public business ; effectual, in that the incumbent of
the re-established office would begin a term commensurate
with that of the other biennially chosen county officers, and
terminating at the same time.

As, then, the office of Treasurer was, by the vote of the
Justices, restored, and without an incumbent a vacancy
existed— *Cloud* v. *Wilson*, 72 N. C., 155 —and the duties dis-
annexed from the office of Sheriff, it became necessary to
have the place filled, and this could only then be done by an
appointment from the Board of County Commissioners, or
there would be no one to perform the functions and execute
the duties of the office.    *The Code,* § 720.

This appointment, like that of other county officers, would
be for the term during which it was made, and until, at an
election held pursuant to law, the incumbent could be sup-
plied by a popular vote.

It is plain that the election of Thompson in November
preceding was a nullity, for the obvious and sufficient reason
that there was then no such office to be filled, and equally
so that the appointment of the plaintiff was regular and
valid.

But the defendant contends that, having given his official
bonds and been inducted into office before the action of the
Justices in restoring that of Treasurer, the privileges and
advantages attaching to him as Sheriff cannot be withdrawn
without impairing a right vesting in him to the emoluments
thereof.

The contention has no support in law.    The transferred
duties occasioned by the abolition of the office of Treasurer
in 1876, attached to the office of Sheriff only so long as there
was no Treasurer to perform them, and subject to the under-
lying condition that they should re-vest at once upon the
restoration of the office of Treasurer whenever the Justices
should see fit to restore it.

There could not be a regular and duly appointed Treasurer without the rights and functions belonging to the office, and these could not be then possessed and exercised by the Sheriff. The incongruity is manifest, and has no support in the legislation on the subject, as no vested right of the defendant is disturbed, for it is only *during this interregnum* in the Treasurer's office that the Sheriff is charged with its duties and entitled to compensation for their discharge, and these terminated upon the expiration of the interval when the office is resuscitated and resumed by an appointee.

We decide the case upon the facts and agreement of counsel, and affirm the judgment.

Affirmed.