## No. 10,846.

## STONG, AUDITOR, ET AL. v. MILLIKEN, SECRETARY OF STATE, ET AL.

Decided February 2, 1925.

Action for injunction.   Judgment for plaintiffs.

## *Reversed.*

1. PLEADING—*Demurrer—Capacity to Sue.*  In an action against state officials to enjoin the issuance of a salary warrant, payment of taxes is not essential to the right to sue. If essential to the right to relief, that goes to the question of sufficiency of facts, not capacity to sue.

2.     *Demurrer—Defect of Parties.*  In an action against state officials to enjoin the issuance of a salary warrant, the employe, payment of whose salary is sought to be enjoined is a necessary party, and not having been made a party, the overruling of a demurrer on the ground of defect in parties, held reversible error.

3. STATES—*Public Office—Executive and Appointive Power.*  In an action to enjoin the issuance of a warrant in payment of salary of a state employe, the contention that the court was without jurisdiction because the title of a public office was involved, and that there was a dispute between two departments of government, overruled, there being no statutory authority for the office in question.

4. EMPLOYMENT AGENCIES—*License—Industrial Commission.* The Industrial Commission, and not the Bureau of Labor Statistics, has power to license and supervise private employment agencies.

5. OFFICERS—*Appointment—Payment.* The Industrial Commission has no power to appoint to an office that does not exist, nor to draw upon the employment agency fund to pay an appointee thereto.

6. INJUNCTION—*State Officials—Pleading.* In an action for injunction against state officials to restrain alleged illegal payments, plaintiffs must allege that they are tax payers, or personally interested in the fund in question.

7. STATES—*Illegal Acts of Officials—Equity.* Equity may be invoked against state officials to enjoin illegal acts.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. RUSSELL W. FLEMING, Attorney General, Mr. WAYNE C. WILLIAMS, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, Mr. PAUL P. PROSSER, Mr. JOHN T. BARNETT, for plaintiffs in error.

Mr. FORREST C. NORTHCUTT, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

MILLIKEN, secretary of state, and DeLochte, deputy commissioner of labor, brought suit and obtained an injunction against Stong, auditor of State, and Bell, Reilly and Annear, members of the Industrial Commission, enjoining them from issuing a warrant in favor of one Frank Mancini drawn on and payable out of the private employment agency fund, and defendants bring error.

The complaint alleged the official capacities of the parties, plaintiff and defendant; that Mancini was, by Milliken's predecessors in office, appointed "supervisor of private employment agencies and as agent of the deputy labor commissioner" in the enforcement of chapter 164, S. L. 1909; that April 16, 1923, plaintiffs abolished the position of supervisor of private employment agencies and

notified Mancini that his job was gone; that defendants, members of the Industrial Commission, have obtained the name of Mancini from the Civil Service Commission for appointment as supervisor of private employment agencies, and, unless restrained, will pay him out of the fund created out of the license fees and fines as prescribed in said Act. The defendants' demurrer to this complaint was overruled, they elected to stand and the injunction was granted. The first ground of demurrer was that plaintiffs had no legal capacity to sue, because it did not appear that either was a taxpayer. The claim is unsound. Payment of taxes is not essential to the right to sue. If it is essential to the right to relief, that goes to the question of sufficiency of facts, not capacity to sue.

The second ground is defect of parties, in that Mancini is not a party. This claim is sound. Indeed Mancini is the only person who has any direct pecuniary interest in the suit. For this reason, if for no other, the judgment should be reversed.

The third ground is that the court has no jurisdiction because, (a)   The case is a dispute between two departments of government over the exercise of executive and appointive power.   (b)   That the title to a public office is involved.   We cannot find any statutory authority for appointing a supervisor of private employment agencies or that such an office ever existed in this state.   Consequently no title to a public office is involved nor any executive nor appointive power, unless the control of the fund in question be executive.

The fourth ground is that of insufficient facts.   The defendants claim the lawful right to appoint to the position and that that gives them the right to draw on the said fund to pay the appointee; the plaintiffs say that even if defendants have the power to appoint him they cannot draw on that fund to pay him.

It is clear that the Industrial commission has power to "license and supervise private employment agencies."   C. L. § 4335 (g).   This act is the latest and necessarily takes

that power from the bureau of labor statistics which was given them by S. L. 1909, chapter 164, but it does not transfer to the Industrial Commission the power to appoint to an office that does not exist. It follows that they cannot draw on the fund in question or any fund to pay an appointee thereto.

The plaintiffs have not alleged that they are taxpayers or in any way interested personally in the fund in question. This is necessary. High on Inj. p. 1335. They seem, however, in pleadings and briefs to be basing their right to maintain the suit on their rights as officers in control of the fund. The question therefore arises whether a public officer may protect his rights as such officer by injunction, but this question may be avoided by amendment to allege that they are taxpayers if it is thought worth while to go on with the suit.

The question remains whether equity may take hold of the case. That it may, where the act to be enjoined is illegal, is unquestioned. 32 C. J. 247, 248, and note 44. Since there is no office there can be no officer and so payment is illegal, consequently equity may act.

Since the case must go back for other reasons we call attention, in regard to costs, to *People v. O'Ryan,* 71 Colo. 250, 205 Pac. 949.

Judgment reversed and cause remanded for further proceedings not inconsistent herewith. The temporary injunction to stand till the further order of the district court.

MR. CHIEF JUSTICE TELLER not participating.