STATE ex rel. JOHN V. SCHARA, Plaintiff, Relator and Respondent, v. JOHN J. HOLMES, State Auditor, Defendant and Appellant.

No. 9623.
Submitted December 1, 1955. Decided April 6, 1956.
295 Pac. (2d) 1045.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Emmet T. Walsh, Asst. Atty. Gen., Mr. John L. McKeon, Sp. Asst. Atty. Gen., for appellant.

Mr. Wesley W. Wertz, Helena, for respondent.

Messrs. DeKalb, Dockery & Symmes, Lewistown, amici curiae.

Mr. McKeon and Mr. Wertz argued orally.

MR. JUSTICE ANDERSON:

The plaintiff, a taxpayer, brought this action for the purpose of enjoining John J. Holmes, the state auditor of the State of Montana, from auditing and processing any claim for the payment of any sums of money which were authorized by Chapter 265, Laws of Montana 1955. The intent of the 1955 Act was to create a legislative interim committee composed of members of the House of Representatives and members of the Senate.

The complaint sets out the names of the various members of the legislature purportedly appointed to the interim committee as provided by the Act, after which the complaint says that all of the foregoing senators and representatives were

members of the 34th Legislative Assembly; that none of them was elected to serve beyond the duration of the 34th Legislative Assembly; that said persons, so mentioned, assert that they constitute the commission on reorganization of state government by virtue of the Act, and propose to act under the provisions thereof, in accordance with its terms, and are attempting to, and will perform duties alleged to be delegated by said Act, and propose to and will expend from the funds of the State of Montana the sum of $40,000 so appropriated for the purpose of this Act unless restrained.

The defendant filed a demurrer to the complaint and after the demurrer was heard by the court below the same was overruled and the defendant was granted 10 days within which to further plead, whereupon the defendant filed his election not to further plead.

The court below, after the defendant had filed his election not to further plead, ruled in favor of the plaintiff and restrained the defendant John J. Holmes, state auditor of the State of Montana, from processing any claims under the Act.

Chapter 265, supra, provides in section 2 thereof the following: ''There is hereby created a commission on reorganization of state government to be composed of six (6) members of the house of representatives * * *, no more than three (3) of whom shall be of the same political party, and six (6) members of the state senate who shall be appointed by the committee on committees of the state senate, no more than three (3) of whom shall be of the same political party. The members of the commission shall be appointed within fifteen (15) days after the passage and approval of this act.''

The Act was to become effective from and after its passage and approval and the said Act was approved on March 10, 1955, which was after the 34th Legislative Assembly had adjourned *sine die*. If the members of the commission on reorganization of state government were appointed, those appointments took effect on March 3, 1955, which is seven days prior to the effective date of the Act. See entry of House Journal,

34th Legislative Assembly, dated March 3, 1955. It is apparent that neither the speaker of the house nor the committee on committees of the senate can do something which the law specifically provides they cannot do, and if they were to make their appointments at all they were to have been made according to the statute in question, namely the members of the commission should have been appointed after the passage and approval of the Act and not before. Were it otherwise there would have been no reason for the language found in section 2, hereinbefore set out. However even if it were to be held otherwise the result would not differ.

The closest analogy which can be cited in support of the appointment of members to an interim committee is found under the general title "Offices and Officers." It is unnecessary to find one way or another whether the purported members of the committee are or are not public officers and nothing herein contained in any way supposes that the members of the interim committee hold a public office.

The cases generally hold that an appointment to an office ▆▆ is valid although made before the effective date of the statute which created the office. The same rule would be applicable where appointments are made to a committee created by statute. However in those cases where an appointment to an office is involved the statute at least had a potential existence when the appointment was made, i. e., the statute at least had been passed and approved. Broadwater v. Kendig, 80 Mont. 515, 261 Pac. 264. However such case and such line of cases do not fit the situation here because the members of this legislative council were purportedly appointed by the authority of the house and senate respectively before the statute itself, Chapter 265, Laws of 1955, was approved by the governor on March 10, 1955, and consequently before the chapter became a law at all.

No case sustains an appointment made in such circumstances. To the contrary, there are a number of authorities which hold an appointment made prior to the time that the statute did in fact become a law is wholly void. State ex rel. Cook v. Meares,

116 N.C. 582, 21 S.E. 973. In that case the legislature established a new criminal court for certain counties in North Carolina. The Act became law on March 12, 1895, and consistent with the provisions of the statute as it thereafter became effective the legislature elected a judge for which the statute made provision. On March 13, 1895, the governor of North Carolina appointed Meares to the office of Judge under the Act. On this state of fact the supreme court of North Carolina held that the election of the judge by the legislature was void because at the time there was no office to which he could be elected inasmuch as the statute in question had not been passed. The rule announced would be applicable to the case at bar.

In State ex rel. Rhodes v. Hampton, 101 N.C. 629, 8 S.E. 219, a treasurer was elected in the general election held in November 1886. The office of the treasurer was not established until December 13, 1886, following. Under these circumstances the supreme court of North Carolina held that the election was a nullity because at the time the office of treasurer did not exist.

In State ex rel. Giles v. Hyde, 105 Utah 436, 142 Pac. (2d) 665, the following facts are found: The first special session of the 1941 Utah legislature enacted on March 26, 1941, a law creating a department of finance and providing for appointments to be made to the commission of finance which this particular law established. The terms of the Act provided that it should take effect on July 1, 1941. The legislative session which passed the statute adjourned *sine die* on March 29, 1941. On April 1, 1941, the governor of Utah approved the Act, which under the Utah Constitution (as is the case in Montana in the instant case) became a potential law. However, on March 28, 1941, the governor nominated the respondent Hyde to fill one of the offices for which the law provided. On March 29, 1941, and before the statute was approved by the governor, the senate of Utah confirmed the appointment of Hyde, which confirmation was of course in anticipation of the governor's approval of the Act itself (expressly the case at bar). In consideration

of these facts the supreme court of Utah held that both the governor's appointment and the senate's confirmation of the appointee were nullies without effect because the statute, which authorized the appointment created the office to which the appointment here was made and established the commission in question, did not come into existence until the Act was approved by the governor on April 1, 1941. To the same effect see: State ex rel. Langer v. Scow, 38 N.D. 246, 164 N.W. 939; State ex rel. Rhodes v. Hampton, 101 N.C. 629, 8 S.E. 219; Kennelly v. Lowery, 64 Cal. App. (2d) 903, 149 Pac. (2d) 476; Harrison v. Colgan, 148 Cal. 69, 82 Pac. 674.

These and other similar cases leave little doubt but what the appointments of the members of the legislative council are void.

The question remaining is whether or not a taxpayer can in equity question the invalidity of the appointments of certain persons who assume to act as members of a legislative committee. Here the statute and the appointments were of themselves incompatible and thus the appointments were illegal and void. The conclusion of the whole matter depends upon the meaning of the statute and on examination of the indisputable record.

"A taxpayer may bring an action to prevent an 'illegal act' (Peck v. Belknap, 130 N.Y. 394, 29 N.E. 977; Consol. Laws, c 24, [General Municipal Law] section 51; Laws 1909, c. 29), and it necessarily follows that he may also bring an action to restrain waste because an individual assumes to act illegally in an official capacity." Whitney v. Patrick, 64 Misc. 191, 120 N.Y.S. 550, 555.

The appointees were not, nor could they have been named by the legislature because the legislature had adjourned *sine die* before the appointments, under the Act, could in fact be made. The appointing power as prescribed by the Act had ceased to exist and thus the purported members are intruders.

It follows that the judgment of the district court must be and it is affirmed.

Speaking for myself, this opinion is in no way to be construed

as to change my position announced in the dissent in the case of State ex rel. Mitchell v. Holmes, 128 Mont. 275, 274 Pac. (2d) 611.

MR. CHIEF JUSTICE ADAIR and MR. JUSTICE BOTTOMLY, concur.

MR. JUSTICE DAVIS: I dissent.

For the purposes of that dissent I shall assume that the conclusion which Mr. Justice Anderson reaches for the majority is as an abstract statement of the law sound, and therefore unassailable, i. e., that an appointment is indeed a nullity when the statute under which that appointment is made is not at the time a law, specifically here, because the Governor's approval was then lacking. Montana Constitution, Art. VII, section 12. In this case, however, I do not find the premise from which this conclusion may permissibly be drawn; for the problem before us, as I see it, poses broader and more complex questions of both fact and law than the majority opinion admits. Necessarily then I think the conclusion they have reached wholly fails to justify an affirmance of the judgment below, because that conclusion does not touch the whole case before us.

The suit here is in a court of equity to restrain the state auditor from processing the claims of members of the Commission on Reorganization of the State Government, created by Chapter 265, Laws of 1955. These claims are presented under sections 4 and 7 of that Act, and unless audited by the respondent (defendant below) will not be paid. The majority opinion holds that the claimants are not *de jure* members. Therefore their claims are denied payment. No member of the Commission whose claim is challenged is a party to this suit.

In these circumstances jurisdiction to enter any such judgment as that which we have before us and which the majority affirms fails for two reasons. First, a court of equity has no jurisdiction specifically to determine the right of any member to sit upon this Commission; hence a court of equity has no

jurisdiction to restrain the payment of these claims, the validity of which depends, as the majority opinion puts it, solely upon the right of the claimants to membership on the Commission. Secondly, a court of equity has no jurisdiction to proceed at all in this suit, because the members of this Commission whose claims as such are here in issue are indispensable parties without whose presence before the court jurisdiction necessarily fails entirely.

Upon these principles, which I believe are fundamental, trenching closely as they do upon what is axiomatic, I shall not elaborate at any length. For the most part I shall leave it to the authorities I cite, upon which I rely, themselves to demonstrate whether I am right or wrong.

At the outset I concede I can point to no case holding directly with me where the judiciary has been asked to inquire as here into the right of a member of the legislative branch of the government to sit upon a legislative council or commission of its own creation, and where the inquiry proposed as here has been in equity. But it is equally true that I know of no authority to the contrary which holds against me; for I think heretofore a court of equity has never wittingly stretched its jurisdiction as have the majority on this appeal. I have not overlooked State ex rel. Mitchell v. Holmes, 128 Mont. 275, 274 Pac. (2d) 611, of which I shall have something to say later on.

All of which is but another way of writing that in my opinion there is no precedent in the law which upholds a court of equity, as do the majority here, in enjoining the payment of the expenses of members of a legislative council or commission such as we have at bar, where as at bar equity itself initially finds, and this court as the sole ground for its judgment declares, that the members of the challenged council are without right to sit or act, and therefore may not have payment of their expenses.

To the contrary I do find that pertinent authority in the law of public officers, which is by analogy applicable to our present problem, is not wanting in support of my position. That authority for me points the way directly and inescapably to my

conclusion, which is that on this appeal there should be a reversal of the judgment below with directions to dismiss for want of jurisdiction, and that the reasons I have already given to sustain that conclusion are sound.

The rule that equity will not try title to a public office is supported by an unbroken line of authority, which seemingly goes back to the earliest days of the chancellor. This rule obtains whether the question is directly or indirectly presented. 2 High on Injunctions (4th Ed.), sections 1312, 1313, pages 1325, 1329; section 1314, pages 1330, 1331; Burgess v. Davis, 138 Ill. 578, 28 N.E. 817; Lawrence v. Leidigh, 58 Kan. 676, 50 Pac. 889; Barendt v. McCarthy, 160 Cal. 680, 683, 684, 118 Pac. 228; Lockard v. Wiseman, W. Va., 80 S.E. (2d) 427, and cases cited at pages 436, 437; Ake v. Bookhammer, 13 Del. Ch. 320, 119 A. 238; Spurlock v. Lafferty, 214 Ky. 333, 336, 283 S.W. 124; Kucharski v. Harrison, 264 Ill. 563, 106 N.E. 488; Morrow v. City of Cleveland, 73 Ohio App. 460, 56 N.E. (2d) 333; Davis v. Wilson, 183 Ark. 271, 35 S.W. (2d) 1020; 64 C.J.S., Municipal Corporations, section 2126, page 942; section 2150 (d), pages 975, 976; 44 C.J., Municipal Corporations, section 4591, page 1417; section 4583, pages 1409, 1410; 42 Am.Jur., Public Officers, section 144, pages 984, 985. Compare Kirwan v. Speckman, 313 Ky. 578, 232 S.W. (2d) 841; Miller v. Board of County Commissioners of Beaver County, 171 Okl. 553, 43 Pac. (2d) 743; North v. City of Battle Creek, 185 Mich., 592, 595, 596, 152 N.W. 194; Board of County Commissioners of Montezuma County v. Wheeler, 39 Colo. 207, 212, 213, 89 Pac. 50. These citations could be multiplied but to no purpose which is not served by those already noted.

As I read them these authorities, when applied to the case at bar, are unanimous to the point that the right of a member to sit upon the interim commission established by Chapter 265, Laws of 1955, may not be adjudicated in this suit brought in equity to restrain the payment of expenses claimed under the statute and clearly due him, if he be a member; for equity has no jurisdiction to make any such inquiry or determination in

any case such as we have here. The principle of these texts and decisions is equally applicable whether the stake at issue be a public office or the right of a legislator to sit as a member of a legislative council.

There is nothing opposed to this statement of the law to be read in State ex rel. Mitchell v. Holmes, 128 Mont. 275, 274 Pac. (2d) 611, or in State ex rel, Grant v. Eaton, 114 Mont. 199, 133 Pac. (2d) 588, or in State ex rel. Butts v. Hart, 56 Mont. 571, 185 Pac. 769, 7 A.L.R. 1678, or for that matter in any other decision in this court, which I have found or to which my attention has been called. In the Mitchell case the right of the claimants to sit upon the Montana Legislative Council which was established by Chapter 143, Laws of 1953, was not an issue nor was the regularity of the appointments made to membership on that council questioned. The prevailing opinion there held that the statute which in terms set up the council was unconstitutional and therefore void. It did not pretend to decide, as does the majority on this appeal, that if the foundation statute, here Chapter 265, Laws of 1955, is constitutional, the claimant to a seat on the Commission may not be seated, because his appointment was irregular, and he is therefore without title to a seat at all.

If any such question was presented by the record in the Mitchell case or for that matter in any other case heretofore decided in this court, an examination of our opinion written in the case will disclose that the jurisdiction of a court of equity to try the title or right of the officer or member involved was neither suggested nor decided. And it is settled law that questions, which in the language of the Supreme Court of the United States in Webster v. Fall, 266 U.S. 507, 511, 45 S.Ct. 148, 149, 69 L.Ed. 411, "merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." See also United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 37, 38, 73 S.Ct. 67, 97 L.Ed. 54; New v. Oklahoma, 195 U.S. 252, 256, 25 S.Ct. 68, 49 L.Ed. 182; Worthley v. Worthley,

44 Cal. (2d) 465, 471, 472, 283 Pac. (2d) 19; North Side Canal Company, Ltd. v. Idaho Farms Company, 60 Idaho 748, 758, 96 Pac. (2d) 232; Heaney v. Northeast Park District, 360 Ill. 254, 260, 195 N.E. 649; Kennedy v. Commissioner of Corporations and Taxation, 256 Mass. 426, 430, 431, 152 N.E. 747; Kneeland v. Emerton, 280 Mass. 371, 388, 183 N.E. 155, 87 A.L.R. 1; Anderson v. East Gate Temple Association, 189 Wash. 221, 222, 223, 64 Pac. (2d) 510; Bales v. Brome, 53 Wyo. 370, 380-382, 84 Pac. (2d) 714; 21 C.J.S., Courts, section 209, pages 380-383; 15 C.J., Courts, section 329, pages 939-940. Compare Montana Horse Products Co. v. Great Northern Railway Co., 91 Mont. 194, 210, 7 Pac. (2d) 919.

Of course when I say that equity has no jurisdiction in this suit to determine the right of any member to sit upon the Commission on Reorganization of State Government I am not speaking of an intruder, who by trespass and without color of right enters into a public office or takes a seat upon a legislative council or commission. To the contrary I am speaking presently of the rights of members of our state legislature to sit upon a legislative council or commission, which I think that legislature had as much right to establish, as was its right fifty years ago to set up a Board of Railroad Commissioners by enacting Chapter 37, Laws of 1907, admittedly a constitutional exercise of its inherent power to legislate. More particularly I am dealing here with the rights of members of the legislature, who have been actually named by the legislature to membership on this commission, and who pursuant to that designation have actually taken their seats and exercised the functions of the commission as the foundation statute ordains. They are neither intruders nor trespassers.

In these circumstances it is clear to me that these senators and representatives are *de facto* members of this Commission, a circumstance which the majority opinion as I read it overlooks, and to which that opinion likewise as I read it gives no weight at all. To make my point I turn to the complaint or petition before us, the allegations of which on this record we

must accept as true. There I read that these state senators and representatives "assert that they constitute the Commission on Reorganization of State Government by virtue of the act hereinafter set forth [Chapter 265, Laws 1955], and propose to act under the provisions thereof, in accordance with its terms, and are attempting to, and will perform the duties alleged to be delegated to them by said act, and propose to and will expend from the funds of the State of Montana the sum of Forty Thousand Dollars" etc.

There can be no question that these admitted facts in and of themselves and without more make the claimants at bar *de facto* members with rights as such, if indeed as the majority opinion concludes they are not members *de jure*. State ex rel. Buckner v. Mayor of Butte, 41 Mont. 377, 109 Pac. 710; Burgess v. Davis, supra, 138 Ill. at page 582, 28 N.E. at page 818; Morrow v. City of Cleveland, supra, 73 Ohio App. at pages 469-473, 56 N.E. (2d) at pages 337-339; Board of County Commissioners of Montezuma County v. Wheeler, supra, 39 Colo. at pages 212, 213, 89 Pac. at pages 51, 52; St. George v. Hardie, 147 N.C. 88, 93, 60 S.E. 920; McClendon v. State ex rel., 129 Ark. 286, 291, 195 S.W. 686, L.R.A. 1917F, 535; State ex rel. Bailey v. Wayne County Court, 92 W.Va. 67, 70, 114 S.E. 517; State v. London, 194 Wash. 458, 78 Pac. (2d) 548, 115 A.L.R. 1255; State ex rel. Fangman, v. Police Relief Fund, 72 Ohio App. 53, 50 N.E. (2d) 609; Pleasant Hills Borough v. Jefferson Township, 359 Pa. 509, 512, 513, 59 A. (2d) 697; Erwin v. Mayor, etc., of Jersey City, 60 N.J.L. 141, 37 A. 732; Usry v. Hadden, 65 Ga. App. 227, 15 S.E. (2d) 629; McKenna v. Nichols, 295 Ky. 778, 175 S.W. (2d) 121; State ex rel. City of Republic v. Smith, 345 Mo. 1158, 139 S.W. (2d) 929; State ex rel. Cutts v. Hart, supra, 56 Mont. at page 574, 185 Pac. at page 770; Juliani v. Darrow, 58 Ariz. 296, 304, 119 Pac. (2d) 565; Board of County Commissioners of Douglas County v. Madan, 90 Colo. 10, 12, 5 Pac. (2d) 866; 67 C.J.S., Officers, sections 135 to 140, pages 438, 444; particularly section 138, pages 442, 443, and cases cited at page 442, note 95, and sections 140, pages 443, 444, and

cases collected at page 444, note 13; 46 C.J., Officers, sections 366 to 371, pages 1953, 1058, particularly section 371, pages 1057, 1058, and cases collected at page 1057, note 50. And because they are then at least *de facto* members, their right to sit and act as members is beyond the reach of a court of equity. The disposition which the majority opinion makes of the case is accordingly in my opinion fundamentally wrong.

Because in their disposition of the case the majority does not reach the constitutional issue whether Chapter 265, Laws of 1955, is a valid exercise by the legislature of its legislative power, I too shall not discuss that question further than to add that I think Chapter 265 is not vulnerable to any of the constitutional objections presently urged against it, and that State ex rel. Mitchell v. Holmes, supra, is no precedent for a contrary conclusion.

If necessary to a decision on this appeal, I would join with Mr. Justice Angstman in expressly overruling that case, because I am certain the opinion written there for this court has not settled the law of Montana upon any point now before us. For this view I find sound authority in the dissent written by Mr. Justice Anderson in the Mitchell case itself. With that dissent I wholly agree. Compare also what Mr. Justice Holmes, late of the Supreme Court of the United States, had to say when in Gitlow v. People of State of New York, 268 U.S. 652, 672, 45 S. Ct. 625, 69 L.Ed. 1138, he dissented upon constitutional issues despite earlier holdings of the court to the contrary, in which he did not concur. See too ''The Constitutionality of Legislative Councils'' by David W. Smith in The Western Political Quarterly, March 1955, Vol. VIII, No. 1, pages 68-81.

But if I am in error in my view up to this point of the case now before me, there remains yet the further jurisdictional question which is raised by the failure of the relator taxpayer to join as defendants the members of the Commission, the payment of whose claims is here challenged. I see no answer to the argument that every member of this Commission, whose claim is disputed and denied in this suit, is an indispensable

party defendant without whose presence before the court neither this court nor the district court below is vested with jurisdiction to proceed to a judgment of any kind, much less to a final judgment permanently behind the claimant's back, as it seems to me, upon the ground that his appointment to the Commission is invalid.

The principle involved is as broad as the law itself. That principle finds statutory expression in R.C.M. 1947, section 93-2828. It has been directly applied by this court to a taxpayer's suit in State ex rel. Sherman v. District Court, 51 Mont. 220, 224, 152 Pac. 32, where the successful bidder for a county printing contract was ruled an indispensable party to the suit brought to enjoin the execution of his contract. In State ex rel. Dunne v. Smith, 53 Mont. 341, 348, 349, 163 Pac. 784, 787, this court expressly held that the title of a county commissioner to his office "cannot be tried in a proceeding to which he is not a party." Compare State ex rel. Buckner v. Mayor of Butte, supra; McKenzie v. Evans, 96 Mont. 1, 10, 29 Pac. (2d) 657; State ex rel. Valley Center Drain District v. Board of County Commissioners of Big Horn County, 100 Mont. 581, 590, 591, 51 Pac. (2d) 635; Board of Railroad Commissioners v. Reed, 102 Mont. 382, 385, 386, 58 Pac. (2d) 271; State ex rel. Gibson v. Stewart, 50 Mont. 404, 407, 147 Pac. 276; Wright v. Board of Commissioners of Gallatin County, 6 Mont. 29, 9 Pac. 543; Emery v. Emery, 122 Mont. 201, 226, 200 Pac. (2d) 251.

The reasoning and the rule of these cases in Montana has been directly applied elsewhere in suits analogous to that at bar where the title of a public officer to his office or his right to have the salary attached to that office paid him has been drawn in question collaterally in a controversy wholly between third parties. The unanimous view of the authorities in point is that in such a case absent the incumbent as a party no court may render a judgment touching the title to the office in question, or the right of the incumbent to receive its salary, fees, or other incidents. State ex rel. Jones v. Ingram, 135 W.Va. 548, 63 S.E. (2d) 828; Ake v. Bookhammer, supra; Morrow v.

City of Cleveland, supra, 73 Ohio App. at page 471, 56 N.E. (2d) at pages 337, 338; Miller v. Board of Commissioners of Beaver County, supra, 171 Okl. at page 556, 43 Pac. (2d) at pages 736, 737; Carey v. Jackson, 165 Md. 472, 169 A. 922; Stong v. Milliken, 76 Colo. 515, 517, 233 Pac. 154; State v. Levy, 113 Vt. 374, 379, 34 A. (2d) 370; Forrest City Grocer Co. v. Catlin, 193 Ark. 148, 156, 97 S.W. (2d) 910; Independent-Progressive Party v. Secretary of Commonwealth, 266 Mass. 18, 164 N.E. 654; 67 C.J.S., Officers, section 74, page 308; 46 C.J., Officers, section 213, page 1006. Compare State ex rel. Mitchell v. Holmes, supra, where the respondent members of the legislative council were all before the court as parties defendant.

It is not enough that the senators and representatives, who claim membership on this Commission, have been represented in this court by counsel who have appeared before us as amici curiae. They are entitled to more than that, viz., to be made parties in the court below that they may controvert there the facts which the relator pleads, if they can, that they may contest the jurisdiction of a court of equity to inquire there into their title as members of the Commission, which I think they would, if they were given the opportunity, and that otherwise they may defend on the facts as well as the law as is their plain right. They are, indeed, the only parties with a real interest in sustaining the claims which the majority opinion says the state auditor may not pay. It seems to me then a wholly indefensible judgment which denies the validity of these claims in a suit between strangers where the claimants are not heard on the merits at all. Here I find reason alone sufficient under any construction of this record for a reversal of the judgment of the district court and a dismissal of the suit.

In what I have written here I have given my view of the jurisdiction of the court in the case which the majority opinion considers and rules, and in that case alone. I express no opinion upon the jurisdiction of equity in a so-called taxpayer's suit brought to restrain the expenditure of public moneys under an unconstitutional statute, where the facts are properly pleaded

and established against parties who are necessary to a decision of the question. That is not the case now at our bar.

MR. JUSTICE ANGSTMAN: (dissenting).

I do not agree with the majority opinion. I do not see any analogy between this case and those dealing with a public office. All of the cases relied on as condemning an appointment before the law creating the office became effective, or was approved by the governor, are cases having to do with public offices.

Here the members have no power or authority to enact legislation. Their only function is to investigate, assemble and collect information and report to the legislature. They have not been vested with any portion of the sovereign power of government. The members do not hold public office within the definition declared by this court in State ex rel. Barney v. Hawkins, 79 Mont. 506, 257 Pac. 411, 53 A.L.R. 583, and other cases. The only holding to the contrary is the judicial fiat in State ex rel. Mitchell v. Holmes, 128 Mont. 275, 274 Pac. (2d) 611 which ought to be expressly overruled as unsupported by any authority and as being in conflict with the holding of all the courts throughout the country as pointed out in the dissenting opinion therein.

In my opinion the clause in section 2 of Chapter 265, Laws of 1955, providing that, "The members of the commission shall be appointed within fifteen (15) days after the passage and approval of this act" does not mean that the appointment must be made after the passage and approval of the Act. To so construe it would be to render the Act a nullity because the Act did not secure the approval of the governor until after the adjournment of the legislature. It would have been too late then for the speaker of the house of representatives and the committee on committees of the senate to act. It is not to be supposed that the legislature was doing an idle and useless act when it passed Chapter 265. It would not intentionally place

a clause in the Act which would have the effect of defeating the operation of the Act itself.

In my opinion the only effect of the clause above quoted from section 2 of the Act was to mark a time limit for the making of appointments. The appointments cannot be made after the time fixed but may be made before. This is the construction that the members of the legislative assembly making the appointments placed upon the Act. And that is the way this court has interpreted similar Acts. Young v. Waldrop, 111 Mont. 359, 109 Pac. (2d) 59.

There is no prohibition against making the appointments before the passage and approval of the Act.

But if, by analogy, we regard the cases which treat of appointments to "public offices" before the law creating the office becomes effective as applicable here still the result pronounced in the majority opinion does not follow.

We must keep in mind here that the appointment of the members of the interim committee requires no confirmation. The appointment is nothing more than a designation by the speaker of the house and the committee on committees of the senate of the persons constituting the interim committee to investigate and collect data to be reported to the legislative assembly. When this designation is made, and if we assume here that it was made prematurely because made before the passage and approval of the Act, yet it was and is a continuing designation within the rule stated and followed in State ex rel. Giles v. Hyde, 105 Utah 436, 142 Pac. (2d) 665, and became efective the moment the law was approved.

Chapter 265 had a potential existence within the rule of Broadwater v. Kendig, 80 Mont. 515, 261 Pac. 264; Dunbar v. Cronin, 18 Ariz, 583, 164 Pac. 447; and 67 C.J.S., Officers, section 30, page 159, after it was passed by the legislature and awaiting approval by the governor. I see no logical distinction between a case where a law is passed and approved but is not to become effective until some time in the future, and a case, such as this, where it is passed by the legislature but not ap-

proved by the governor until after the appointment. Either the purported law exists as law or it does not. If potential existence justifies an appointment in the one case, it should in the other. There is no sound reason why an appointment may not be made in anticipation of the event that the governor would approve the bill. If he did not approve the bill such appointment of course would fall. Even appointments to public office may be made in anticipation of the vacancy occurring in the future. State ex rel. La Nasa v. Hickey, 222 La. 17, 62 So. (2d) 86; Pashman v. Friedbauer, 4 N.J. Super. 123, 66 A. (2d) 568; State ex rel. Slivcky v. Lutz, 226 Ala. 497, 147 So. 429, and see 67 C.J.S., Officers, section 30, page 159.

For the greater reason the designation of certain persons to act as an investigating committee in anticipation of the fact that the governor will approve the bill passed by the legislature creating such committee should stand as a valid designation when and if the governor approves the bill, as here.

In my opinion we ought not by a refined and highly technical construction of the statute condemn the appointment here when it was made at the only time possible under the statute. I agree also with that part of the opinion of Mr. Justice Davis in which he points out that if claimants are not *de jure* members of the commission they are at least *de facto* members, and that is sufficient warrant for them to act as members of the commission and to be paid their expenses for so doing.

Many other contentions are made in the briefs of counsel, but since they are not considered in the majority opinion they require no consideration here.

I think the judgment of the district court should be reversed.