ERNEST C. STEEL, Plaintiff and Appellant, *v.* BOARD OF RAILROAD COMMISSIONERS, et al., Defendants and Respondents.

No. 10843

Submitted October 15, 1964. Decided December 8, 1964.

397 P.2d 101.

(432)

Riskin & Scribner, Arthur W. Scribner (argued), Helena, for appellant.

Forrest H. Anderson, Attorney General, Donald A. Douglas, Asst. Attorney General (argued), William E. O'Leary (argued), Rankin & Acher, Wellington D. Rankin (argued), and Ross Cannon (argued), Helena, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from certain orders entered in an injunctive proceeding in the district court of Lewis and Clark County.

The record discloses that on July 8, 1964, plaintiff filed a complaint alleging that he was a citizen and taxpayer of the state of Montana; that the Board of Railroad Commissioners, hereinafter referred to as the Board, was a state administrative agency and that the defendants Paul T. Smith, Jack Holmes and Louis G. Boedecker are the duly-elected members thereof; that defendant E. V. "Sonny" Omholt is the state auditor; that defendant Edna J. Hinman is the state treasurer; that Chapter 205 of the 1963 Session Laws provided for the appointment by the Board of a supervisor of motor carriers and further provided: "The supervisor shall be either an attorney admitted to practice law in the state of Montana, or a person qualified by at least five (5) years of suitable experience and training in appropriate phases of the motor carrier industry; * * *." Also on or about June 8, 1964, the Board appointed defendant Paul Cannon such supervisor contrary to and in violation of the above-quoted provision of the law because Can-

non is not an attorney or a person qualified by at least five years of suitable experience and training in appropriate phases of the motor carrier industry, and since he did not fulfill the requirements set forth in the law he was not qualified to act in that position; that Cannon has been paid for his services by the issuance of a warrant by the auditor and payment thereof by the treasurer and unless they are restrained and enjoined during the pendency of the action irreparable damage will be done to the taxpayers of the state; and that plaintiff brings the action on behalf of himself and all other taxpayers in the state and that they have no plain, speedy or adequate remedy at law.

Plaintiff prayed, so far as pertinent here, for injunctions against the Board to prohibit the employment of Cannon; against Cannon to prohibit him from acting as supervisor or drawing a salary in such capacity; and against the auditor and treasurer to prohibit them from drawing or paying out the funds of the state on any claim of Cannon.

On the same day an order to show cause was issued which stated that a temporary restraining order, without hearing, was denied but ordered defendants to appear before the court and show cause, if any they had, why such injunctions should not be issued against them as prayed.

The auditor and treasurer filed a return and answer and alleged that in drawing a warrant and paying the same they were exercising their respective public offices in a lawful manner, and that if a claim or claims for payment of salary to Cannon are audited by the state controller and filed in the auditor's office he must draw the warrant and the treasurer must pay the same pursuant to duties enjoined upon them by statute. They prayed that judgment be entered denying an injunction.

Defendant Cannon appeared by motion to quash the order upon the grounds that plaintiff had not shown such interest or that he will suffer such injury as to authorize issuance of

a temporary injunction; that injunction does not lie to control the discretionary power of the Board; that injunction is not a proper remedy; and that since plaintiff does not himself claim any right to the position the cause cannot be construed as quo warranto and its prosecution by plaintiff as such a proceeding is prohibited by section 93-6405, R.C.M.1947.

The defendant Board appeared by return and answer and moved to quash the order upon much the same grounds as defendant Cannon, and in addition that such an injunction proceeding is forbidden under the provisions of section 93-4203, R.C.M.1947, subds. 4 and 6.

Upon the return day, the court heard arguments of counsel and the matter was submitted on briefs. On July 28, 1964, the court made and entered the orders appealed from, the first of which granted the motion to quash filed by the defendant Board and refused to grant an injunction against it and the members thereof; the second refusing to grant an injunction against the defendants, state auditor and state treasurer; and the third granting the motion to quash of the defendant Paul Cannon and refusing to grant an injunction against him, and in each order granted the defendants twenty days in which to further plead. At the same time the court issued a written opinion in which it stated that its rulings were based upon the opinion of this court in Holtz v. Babcock, 143 Mont. 341, 389 P.2d 869, 390 P.2d 801.

Plaintiff's specifications of error challenge these rulings by the court and contend that a taxpayer may bring an action to restrain waste when an individual assumes to act illegally in an official capacity. This contention is based primarily upon the holding of this court in State ex rel. Mitchell v. Holmes, 128 Mont. 275, 274 P.2d 611; State ex rel. Schara v. Holmes, 130 Mont. 108, 295 P.2d 1045; and State ex rel. Steen v. Murray, 144 Mont. 61, 394 P.2d 761.

As to State ex rel. Mitchell v. Holmes, it was an original proceeding before this court in which relator was a public of-

ficial, being the secretary of state, and sought an injunction against the state auditor. The relator did not institute the action as a taxpayer but in his official capacity and the proceeding contended that the act of the legislature creating the legislative council was unconstitutional, and this court agreed. Nowhere in the opinion, nor in the dissents thereto, is any mention made of any challenge by the respondents of the right of relator to maintain the proceeding, as is present in the instant case.

As to the Schara case, an action by a taxpayer to enjoin the state auditor from paying claims to be incurred by a legislative interim committee, the issue there was that the appointment of the members of the legislative council were made prior to the time that the statute became a law. This court held this could not be done and all appointments were wholly void. The question as to whether or not a taxpayer could question the invalidity of the appointments was before the court and the citation of the New York authorities was unfortunate since those cases dealt with municipal employees and not state employees, and actions against the officers of a municipal corporation to prevent any illegal official act on their part, or to prevent waste or injury to any property or funds of such municipal corporation had been expressly authorized by their law.

However, in the Schara case this issue was summarily handled since the court felt that the case rested solely upon the meaning of the statute and the court had before it an indisputable record. As we later point out, such a situation is not present in the instant case.

State ex rel. Steen v. Murray is an original proceeding initiated by a taxpayer seeking an injunction against the secretary of state to prohibit such officer from placing upon the ballot an initiative measure. The challenge there was to the jurisdiction of this court to determine the validity of the proposed initiative measure, and it was held that this court had exercised such jurisdiction previously and the authorities for that position were cited and followed.

■ Having discussed the cases in this jurisdiction which relator has cited as authority for his position, we now turn to the Holtz case upon which the district court relied. In its opinion, the district court felt that the guide lines in taxpayers' suits seeking injunctions against public officials were laid down in that case and in that view we concur.

After reviewing the pertinent authorities we there stated: "The courts of Montana are not about to invade, at the request of citizens or taxpayers without further interest, the domains of other departments of state government to determine whether or not the use of state-owned property meets with our approval. The Constitution of this state has provided an Attorney General for that purpose, as we pointed out in our opinion, and as noted by the trial judge." While this statement dealt with use of state-owned property, the same reasoning applies to the qualifications of a state employee. Taxpayers and citizens are not without relief on the state level in situations of the type in the Holtz case and this case, as we pointed out, they have an elected officer, the Attorney General, to whom they can submit the facts and if, in his opinion, relief should be sought in the courts he has authority to seek it on their behalf. As the district judge commented in his opinion, the seat of government cannot be transferred from the Capitol to the district court to accommodate the desires of every dissatisfied taxpayer or citizen. More than dissatisfaction must be shown as spelled out in the Holtz case and authorities therein cited.

■ We wish to make one further comment. The Act gives two alternatives to the Board in the appointment of a supervisor of motor carriers. The first is that he be an attorney admitted to practice law in the State of Montana. This can be immediately ascertained by reference to the records of the clerk of this court. The second is that he be "* * * a person qualified by at least five (5) years of suitable experience and training in appropriate phases of the motor carrier industry * * *."

What would be "suitable experience and training," or what are "appropriate phases of the motor carrier industry" must of necessity rest in the discretion of the appointing Board. These vague phases defy definition by the Board in relation to the objective hoped to be achieved by them in the enforcement of the law. The Board, and only the Board, could determine what it deems "appropriate phases" of the motor carrier industry in which such "suitable experience and training" should be required. Were there no other issue in this cause, because of the vagueness of the terms of the Act we would be compelled to hold that the determination of the qualification of the supervisor would have to rest in the discretion of the Board.

The orders appealed from are affirmed.

MR. JUSTICES CASTLES, JOHN CONWAY HARRISON, DOYLE and ADAIR concur.